**Steve MAURO et al., Appellants,**

**v.**

**Roosevelt LAVLIES et ux., Appellees.**

**No. 6715.**

Court of Civil Appeals of Texas.

Beaumont.

Dec. 31, 1964.

Charles Holcomb, Orange, for appellants.

Tom Featherston, Port Arthur, for appellees.

STEPHENSON, Justice.

This action was brought to cancel judgment liens and remove the cloud cast upon plaintiffs' premises. Trial was before the court and judgment was rendered for plaintiffs ordering that the abstract of judgment liens do not constitute a lien against plaintiffs' business, homestead and further ordering said liens be removed as a cloud on the title to said property.

The evidence showed that each of the defendants recovered a judgment for debt against the plaintiff, and that an abstract of each judgment was filed for record. Evidence was offered by plaintiffs showing that the property in question was the plaintiffs' business homestead, and the trial court made such a finding in its judgment. No attack is made upon such finding.

The only point of error brought to this court is that the trial court erred in rendering judgment for plaintiffs because there was no justiciable controversy between the parties.

Article 16, Sec. 50 of the Constitution, Vernon's Ann.St. provides that the homestead of a family is protected from forced sale, except for certain enumerated purposes. Article 3832, Vernon's Ann.Civ.St., provides that the homestead of a family is exempt from attachment or execution and every other species of forced sale for the payment of debts, except as thereinafter provided. It is admitted that the debts sued upon by each defendant do not come within these exceptions.

There is no evidence in this record that either of the defendants had made any attempt to have this property sold under forced sale in order to satisfy their judgments. One judgment was dated March 16, 1960 and abstracted March 22, 1960; the other judgment was dated September 4, 1959 and abstracted the same day. This cause was heard in the trial court May 23, 1963.

The abstract of the judgment does not in itself assert any claim of lien upon homestead property. No mention is made of the property which is the subject matter of this suit in the judgment which was ab-

stracted. This case is not one in which an attempt was made by the parties to create a lien upon a homestead for a purpose not permitted by the Constitution and Statutes of this State. Actually, there is no controversy between the parties to be decided. Westman v. James B. Clow & Sons, Inc., D.C., 38 F.2d 125. 47 Tex.Jur. (2), page 543 reads as follows:

"In order to maintain a suit to quiet title, there must be an assertion by the defendant of a claim to some interest adverse to plaintiff's title; and the claim must be one that, if enforced, would interfere with the plaintiff's enjoyment of the property."

The question as to a cloud on the plaintiffs' title could have been raised in this case if the evidence had shown the plaintiffs had attempted to sell this property and could not do so because these judgments had been abstracted. It is doubtful that a title insurance company would issue title insurance upon a piece of property where a judgment had been abstracted. Article 3834, V.A.C.S., provides that the proceeds of a voluntary sale of the homestead shall not be subject to garnishment or forced sale within six months after such sale. This made it clear that it was intended not only that the homestead be exempt from forced sale, but that the owners of the homestead have the right to sell and dispose of it without restraint. There is no pleading and no evidence in this record that these plaintiffs are attempting to sell this property and have been prevented from doing so because of these judgments.

It is of no significance that this property was at the time of this trial the plaintiffs' homestead, as that condition could change at any moment. For example, abandonment could take place at any time. Appellants' point is sustained.

The judgment of the trial court is reversed and judgment is rendered that the plaintiffs take nothing.