Frank LOVE, Jr., Petitioner,

v.

Leonard E. HOFFMAN et al., Respondents.

No. B–4067.

Supreme Court of Texas.

Sept. 19, 1973.

———◆———

Brady, Drake & Wilson, Edward J. Drake, Dallas, for petitioner.

Sessions & Sessions, W. R. Sessions, Dallas, for respondents.

PER CURIAM.

This case presents a problem of allocation of the appreciation in value of property between the purchaser from a homestead claimant and the judgment creditors of the claimant. Other questions were presented to the Court of Civil Appeals which have not been brought here. Consequently, since the judgment is correct, we can only order the application for writ of error refused, no reversible error.

The purchaser from the homestead claimant is our sole petitioner, contending that the excess beyond the protected exemption is determined at the time of the homestead designation and that this excess is not enlarged because of the subsequent appreciation in the value of the property. The Court of Civil Appeals, affirming the trial court, has held that the increased value as of the termination of the homestead is allocated between the exemption and the excess (subject to the lien and foreclosure) by the same fraction as the exemption ($5,000 by the constitutional provision in effect here) and the excess in value related to the total value at the time of the original homestead designation. 494 S.W. 2d 591. We agree with the opinion of the Court of Civil Appeals in its disposition of this question.