Ned L. STEWART & J. Harvey Lewis, Appellants,

v.

AMERICAN INDUSTRIAL LININGS, INC., et al., Appellees.

No. 08–81–00112–CV.

Court of Appeals of Texas, El Paso.

May 26, 1982.

Rehearing Denied June 23, 1982.

J. Harvey Lewis & Associates, J. Harvey Lewis, Dallas, for appellants.

Clark, West, Keller, Butler & Ellis, Mike M. Tabor, Michael Ditto, Miller, Hiersche & Martens, Jerry L. Hiersche, Dallas, for appellees.

Before WARD, OSBORN and SHULTE, JJ.

## OPINION

WARD, Justice.

This is an appeal in a suit where Appellants Stewart and Lewis attempted to remove clouds on the title to a residential house and lot at 2816 Blue Ridge in Mesquite, Dallas County. Trial was to the court which found for the answering defendants and as to them entered a take nothing judgment against the plaintiffs. As to the answering defendants, the judgment of the trial court will be reversed and rendered.

The Appellant Stewart and his then wife, Carolyn Sue Stewart, purchased the property in question as their home in February, 1969. They bought the house for $12,000.00, it being a three-bedroom, one-bath house with the lot, exclusive of improvements thereon, having a fair market value of much less than $10,000.00. They occupied the house and continued to reside there until 1973, when they bought and moved to another home. In January, 1976, Stewart moved back into the house on Blue Ridge, and he and Carolyn Sue were divorced in June, 1976. Stewart was awarded this property, together with the furniture therein as his separate property, and in compliance with the divorce decree, Carolyn Sue deeded her interest in this property to Stewart by deed dated June 29, 1976. From January, 1976, Stewart lived in and occupied the property as his home. On January 16, 1977, Stewart married Sharon Kennedy, and the two thereafter occupied the property as their home until June, 1980.

After the marriage to Sharon Kennedy and while they were living in the property, abstracts of judgment against Stewart were filed and recorded in the Abstract of Judgment Records of Dallas County by the following named Judgment creditors on the following respective dates: Sears, Roebuck & Co. on November 7, 1979; American Industrial Linings, Inc. on February 28, 1977; and Allied Finance Company of Farmers Branch on July 5, 1979.

Stewart then filed the present suit against the above named judgment creditors, and against others who had also filed liens but who failed to answer. He contended that because of the homestead nature of the property, the purported liens were void, yet constituted a cloud upon his title. On May 15, 1980, Stewart and Sharon conveyed the property by general warranty deed to the Appellant Lewis, the deed providing that the Grantors were able to retain possession of the property until June 30. Lewis then joined the present suit as a party plaintiff and also asked for the requested relief. The testimony was that Stewart sold the Blue Ridge house for $8,000.00 cash and the assumption by the purchaser of the balance due on the $12,000.00 note. Stewart and Sharon then bought a new home in Ft. Worth in July, 1980, and moved out of the Blue Ridge house.

The trial court entered judgment denying the requested relief as to the named answering defendants. The court in its findings of fact stated "that none of the Defendants in this suit have ever taken any action to enforce their respective Abstract of Judgment liens against the property in question in this case" or against any of the plaintiffs.

The Appellees rely on the holding in *Mauro v. Lavlies,* 386 S.W.2d 825 (Tex.Civ.App.—Beaumont, 1964, no writ). There, the plaintiff homeowners who brought suit to remove certain judgment liens as clouds on the homestead title were held to have established no justiciable controversy between the parties, as there was no evidence that the judgment creditors had ever attempted to enforce their liens against the homestead nor was there any showing that the homeowners had been prevented from selling because of the judgment liens.

The Plaintiffs by two points contend that the trial court was in error as a matter of law in not awarding them judgments removing the cloud on the title brought about by the judgment liens. While the form of the points leaves something to be desired, the arguments made

thereunder are not in doubt. It is the Plaintiffs' position that the property in question was the Stewart homestead at all times before the filing of the judgment liens until the sale to Lewis, and that the property has passed to Lewis free and clear of those judgment liens. It is Plaintiffs' position that the evidence established that position as a matter of law. We will so consider the points as making the correct attack both on the trial court's findings of fact and conclusions of law because of the argument made under the points. *O'Neil v. Mack Trucks, Inc.,* 542 S.W.2d 112 (Tex. 1976); *Fambrough v. Wagley,* 140 Tex. 577, 169 S.W.2d 478 (1943). We will sustain the points and hold that the plaintiffs established the homestead exemption as a matter of law; that Lewis as the purchaser of the property has the standing to assert that the judgment liens never attached to the property before it was sold to him; and that the property now stands clear of any cloud cast thereon by virtue of the judgment liens in question. *Hoffman v. Love,* 494 S.W.2d 591 (Tex.Civ.App.—Dallas), *writ ref'd n.r.e. per curiam,* 499 S.W.2d 295 (Tex.1973); *Gill v. Quinn,* 613 S.W.2d 324 (Tex.Civ.App.—Eastland 1981, no writ). The Plaintiffs' first two points are sustained.

We do not reach the third point complaining of the lack of additional findings of fact. The Appellees concede that the trial court's judgment was in error in not removing the Abstract of Judgment as a cloud on the title of the property of Diners Club Corporation which was filed on November 13, 1979, that being one of the defaulting defendants. That abstract of judgment lien of Diners Club Corporation as well as those of Sears, Roebuck & Company, American Industrial Linings, Inc., and Allied Finance Company of Farmers Branch are removed as clouds on the title of the property. All costs in this court and in the court below are assessed against the last three named defendants who are Appellees herein.