**TARRANT BANK, Appellant,**

v.

**Mark B. MILLER and wife, Julia
A. Miller, Appellees.**

**No. 11–91–154–CV.**

Court of Appeals of Texas,
Eastland.

June 25, 1992.

Rehearing Denied Aug. 27, 1992.

Robert W. Hedrick, Fort Worth, for appellant.

Bert V. Massey, II, Massey & Shaw, Brownwood, for appellees.

## OPINION

ARNOT, Justice.

Appellant, Tarrant Bank (Bank), is the successor in interest to a judgment obtained in Tarrant County against appellees, Mark B. Miller and wife, Julia A. Miller, in 1987, for a delinquent car loan. The judgment was abstracted and filed of record in Brown County. In 1988, the appellees, Mark and Julia Miller, entered into a contract to sell their urban residential homestead located in Brown County. The Bank refused appellees' request for a partial release of its lien. The sale was lost when the title company refused to issue an owner's title insurance policy without the partial release. The appellees sued the Bank under the declaratory judgment act seeking a determination that the Bank's judgment lien was unenforceable against their homestead and seeking damages resulting from the slander of the title to their homestead located in Brownwood. Appellant appeals the trial court award of $28,086.50 in damages and attorney's fees complaining: (1) that there was no justiciable controversy between the parties and (2) that the evidence was legally and factually insuffi-

cient to support the judgment. We modify and affirm.

All parties agree that the property is appellees' homestead. TEX. CONST. art. XVI, § 50 exempts a homestead from forced sale except for a purchase money loan, for taxes due, or for work or material used in constructing improvements. This protection is codified in TEX.PROP.CODE ANN. § 41.001 et seq. (Vernon Supp.1992). The court in *Hoffman v. Love*, 494 S.W.2d 591 (Tex.Civ.App.—Dallas), *writ ref'd n.r.e. per curiam*, 499 S.W.2d 295 (Tex.1973), said: "[A] judgment, though duly abstracted, never fixes a lien on the homestead so long as it remains homestead." See and compare *Exocet Incorporated v. Cordes*, 815 S.W.2d 350, 352 (Tex.App.—Austin 1991, no writ).

■ Because a lien created by an abstracted judgment is unenforceable as to a homestead, the Bank contends that its lien cannot cast a cloud on appellees' title. Therefore, the Bank argues, in its first point of error, that the trial court erred in granting a judgment against it because there was no justiciable controversy between the parties.

As authority for its position that no justiciable controversy exists, the Bank cites *Mauro v. Lavlies*, 386 S.W.2d 825 (Tex.Civ.App.—Beaumont 1964, no writ). In *Mauro*, the court held that there was no justiciable controversy between the lienholder and the homestead interest and said:

> In order to maintain a suit to quiet title, there must be an assertion by the defendant of a claim to some interest adverse to plaintiff's title; and the claim must be one that, if enforced, would interfere with the plaintiff's enjoyment of the property.

The Bank asserts that, because its lien was unenforceable, it could not interfere with the appellees' enjoyment of the property and, therefore, no release was required.

We disagree with the Bank's position. Because the lien is unenforceable as to the homestead does not mean that the lien does not cast a cloud on the title. To so hold

would mean that only enforceable claims could create a cloud.

For example, a complete stranger to the title through an error in the property description could have filed an instrument which purported to convey the owner's property. Could the grantee in the misfiled deed refuse to file a correction instrument claiming that it was obvious that his grantor had no title so therefore he could not have had title? Such a position is untenable; the document, although invalid to convey title, is still a cloud. A claim does not have to be valid or enforceable to cast a cloud on one's title. Logic would dictate that most clouds arise from invalid claims on the title.

Furthermore, *Mauro* is distinguishable on its facts. In *Mauro*, the court further stated:

> The question as to a cloud on the plaintiffs' title could have been raised in this case if the evidence had shown the plaintiffs had attempted to sell this property and could not do so because these judgments had been abstracted.

Such are the facts in the case before us. The court in *Mauro* also noted: "It is doubtful that a title insurance company would issue title insurance upon a piece of property where a judgment had been abstracted." Again, such is the evidence in the case before us. There was a justiciable controversy between the parties. *Stewart v. American Industrial Linings, Inc.*, 640 S.W.2d 654 (Tex.App.—El Paso 1982, writ ref'd n.r.e.). The Bank's first point of error is overruled.

In its second point of error, the Bank contends that the trial court erred in granting judgment because the evidence was legally[1] and factually[2] insufficient.

The Bank failed to timely respond to appellees' request for admissions. Consequently, all requests were deemed admitted. Tex.R.Civ.P. 169, 215(4)(a). When the Bank refused to cooperate with discovery requests for production and failed to answer interrogatories, the appellees moved for sanctions. After a hearing, the trial court, pursuant to Tex.R.Civ.P. 215, entered a sanction order taking all of appellees' pleadings as true and entered a default judgment against the Bank on all issues except as to the amount of damages. *Bertsch & Company, Inc. v. Spells*, 687 S.W.2d 826 (Tex.App.—Eastland 1985, writ ref'd n.r.e.) (post appearance default judgment binding as to liability).

A hearing was conducted on the issue of damages. Only Mark Miller testified. The Bank did not offer any evidence. Trial was to the court. The Bank failed to request findings of fact and conclusions of law.[3]

Mark Miller testified that he had a contract of sale pending in September of 1985 with Mr. and Mrs. David Lundy. Because of the Bank's refusal to release its

---

1. A "no evidence" point may only be sustained when the record discloses one of the following: (1) a complete absence of the evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; or (4) the evidence establishes conclusively the opposite of a vital fact. *Commonwealth Lloyd's Insurance Company v. Thomas*, 678 S.W.2d 278 (Tex. App.—Fort Worth 1984, writ ref'd n.r.e.). Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 TEXAS L.REV. 361 (1960).

   In determining a "no evidence" point, we must consider only the evidence and inferences which tend to support the finding and disregard all evidence and inferences to the contrary. *Martinez v. Delta Brands, Inc.*, 515 S.W.2d 263 (Tex.1974); *In re King's Estate*, 244 S.W.2d 660 (Tex.1951). If there is any evidence of proba-

tive force to support the finding, the point must be overruled and the finding upheld.

2. In determining a challenge to the factual sufficiency of the evidence, we must consider all the evidence in the case, both in support of and contrary to the finding, to determine if the challenged finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Pool v. Ford Motor Company*, 715 S.W.2d 629 (Tex.1986); *Cain v. Bain*, 709 S.W.2d 175 (Tex.1986).

3. When specific findings of fact have not been requested or filed, it is presumed that the trial court found every issuable fact proposition necessary to sustain the judgment, if such fact proposition is raised by the pleadings and is supported by the evidence. *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex.1977).

lien, the title company refused to issue a title policy. The sale was lost. Had the sale been consummated, Mark Miller testified that he would have made $4,000.00. Mark Miller further testified that he was forced to pay an additional $12,025.00 in monthly payments on his obligation to the Bank after the date of the proposed sale but that he had received $8,100.00 in rent on the property during this time period, mitigating his loss. The court awarded $7,086.50 in actual damages. By its deemed admissions, the Bank admitted that it received Millers' request for a partial release. The court found that the Bank's failure to give the release was intentional, willful, and malicious. The court awarded $10,000.00 in exemplary damages.

There is some evidence to support the court's award of actual and exemplary damages. These awards are not so against the great weight and preponderance of the evidence as to be manifestly unjust.

The court also awarded $5,000.00 for mental anguish. The appellees did not plead for recovery of mental anguish. However, because the Bank failed to object to the request, this issue has been tried by consent. TEX.R.CIV.P. 67, 262, 277, and 279. The only testimony concerning mental anguish was that of Mark Miller, who stated: "[It] obviously was very depressing to have it in hand [the sale] and then taken away from you. We're still not able to buy a house, because we can't sell this one and get the equity out of it." In order to support a finding of mental anguish, one must show more than mere worry, anxiety, vexation, embarrassment, or anger. It is more than mere disappointment. *American Commercial Colleges, Inc. v. Davis*, 821 S.W.2d 450 (Tex.App.—Eastland 1991, writ den'd); *Kneip v. UnitedBank–Victoria*, 774 S.W.2d 757 (Tex.App.—Corpus Christi 1989, no writ); *Roberts v. U.S. Home Corporation*, 694 S.W.2d 129 (Tex. App.—San Antonio 1985, no writ). We are of the opinion that the evidence is legally insufficient to support a finding of mental anguish.

In their pleadings, the appellees requested reasonable attorney's fees in an amount of at least $5,000.00 for their declaratory judgment action. At trial, Mark Miller testified that it had been necessary to retain an attorney and that, up to the time of trial, he had been billed for services in the amount of $3,086.50. The trial court awarded $4,000.00 in attorney's fees for the trial of this case, which included $1,000.00 the court had awarded appellees' attorney for sanctions. In addition to the award for $4,000.00 for trial, the court awarded appellees $5,000.00 in the case of appeal to the court of appeals and $5,000.00 if this case was appealed to the Supreme Court. There was no evidence presented to support the award of attorney's fees on appeal.

The Bank's second point of error is overruled as to the awards of actual and exemplary damages and as to the award of attorney's fees for the trial of this case. The Bank's second point of error is sustained as to the award of mental anguish and as to the award of attorney's fees for the appeal of this case.

The judgment of the trial court is modified to reflect that appellees recover $7,086.50 in actual damages, $10,000.00 in exemplary damages, and $4,000.00 in attorney's fees and that appellees do not recover damages for mental anguish or attorney's fees for the appellate stages. As to all other matters, the judgment of the trial court is affirmed.