cv2-044 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-044-CV








BARRY D. CUNNINGHAM, SAM B. FASON, AND


SAM BASS ROAD JOINT VENTURE,



 APPELLANTS


vs.




CYNTHIA K. McBEE,



 APPELLEE


 




FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT



NO. 20,244, HONORABLE JOHN L. PLACKE, JUDGE



 




PER CURIAM

 This is an appeal from a declaratory judgment in a nonjury trial. In six points of
error, appellants allege that the trial court erred: (1) in taking jurisdiction of the case because no
justiciable controversy exists between the parties, appellee sought an advisory opinion, and
appellee lacks standing; (2) in failing to dismiss the case because appellee failed to join
indispensable parties; and (3) in failing to award appellants attorney's fees. We will affirm the
trial court's judgment.



BACKGROUND


 On November 6, 1990, in a prior lawsuit in Travis County district court, appellants
Barry D. Cunningham, Sam B. Fason, and Sam Bass Road Joint Venture obtained a monetary
judgment against appellee Cynthia K. McBee. McBee did not appeal the Travis County judgment. 
On December 20, 1990, appellants filed an abstract of the judgment in the judgment lien records
of Bastrop County, Texas, where McBee resided. McBee subsequently desired to sell her house
located in Bastrop County and claimed the house, and the property on which it was situated, as
her homestead. The title insurance company refused to issue an owner's title policy without a
partial release from the judgment lien or a court ruling that the property was McBee's homestead. 
McBee requested that appellants execute a partial release of the judgment lien. Appellants
refused. A "closing" was held. No title policy was issued and all the sale proceeds were placed
in escrow with the title company pursuant to an escrow agreement. McBee then filed this lawsuit
seeking a declaratory judgment that the property and the proceeds of sale are exempt from the
judgment lien, pursuant to the Property Code. See Uniform Declaratory Judgments Act, Tex.
Civ. Prac. & Rem. Code Ann. §§ 37.001-.009 (1986). McBee also sought an award of attorney's
fees and costs. Appellants filed a general denial, motion for sanctions, and counterclaim for
attorney's fees and costs. The trial court rendered a declaratory judgment that, as of August 8,
1991, the property was McBee's homestead; the court assessed costs to the party incurring them;
and denied all other requested relief.



DISCUSSION


A. Ripeness: Does a Justiciable Controversy Exist?

 We consider appellants' first, second, and fourth points of error together. 
Appellants assert in their first and second points of error that the trial court erred in taking
jurisdiction in this case because no justiciable controversy existed between the parties and,
therefore, McBee sought an advisory opinion. Appellants assert in their fourth point of error that
no evidence or insufficient evidence exists to prove the existence of a justiciable controversy.



 1. Preservation of Error


 Appellants did not raise the lack of a justiciable controversy in the trial court in a
dilatory plea or other proper pleading. The justiciable-controversy requirement relates to the
court's power to act. A justiciable controversy must exist before the trial court has jurisdiction
to grant any relief, declaratory or otherwise. Stated in other terms, Article V, § 8 of the Texas
Constitution does not empower the trial court to render advisory opinions. Sub-Surface Constr.
Co. v. Bryant-Curington, Inc., 533 S.W.2d 452, 456 (Tex. Civ. App. 1976, writ ref'd n.r.e.);
see also Morrow v. Corbin, 62 S.W.2d 641, 644 (Tex. 1933); California Prods., Inc. v. Puretex
Lemon Juice, Inc., 334 S.W.2d 780, 781 (Tex. 1960) (a justiciable controversy must exist
between the parties before a declaratory judgment action will lie; the Uniform Declaratory
Judgment Act does not license litigants to fish in the judicial ponds for legal advice). In the
absence of a justiciable controversy, the courts are without jurisdiction. Firemen's Ins. Co. v.
Burch, 442 S.W.2d 331, 333 (Tex. 1968); State v. Margolis, 439 S.W.2d 695, 699 (Tex. Civ.
App. 1969, writ ref'd n.r.e.). Therefore, even though appellants did not raise the lack of a
justiciable controversy in the trial court, the complaint is not waived. Kircus v. London, 660
S.W.2d 869, 872 n.3 (Tex. App. 1983, no writ) (party's failure to object does not confer power
to render an advisory opinion on the courts).



  2. Standard of Review

 Whether a justiciable controversy exists is a question of law. Ainsworth v. Oil City
Brassworks, 271 S.W.2d 754, 760 (Tex. Civ. App. 1954, no writ). Conclusions of law are
reviewable as a matter of law, but not when attacked on grounds of sufficiency of the evidence. 
Mercer v. Bludworth, 715 S.W.2d 693, 697 (Tex. App. 1986, writ ref'd n.r.e.). Accordingly,
appellants' fourth point of error challenging the legal and factual sufficiency of the evidence to
prove the existence of a justiciable controversy is inappropriate and we will not consider it. We
will treat appellants' first and second points as attacking, as a matter of law, the trial court's
conclusion that a justiciable controversy exists. See O'Neil v. Mack Trucks, Inc., 542 S.W.2d
112, 114 (Tex. 1976) (rule of liberal construction applies to points in appellant's brief; merits of
error will be passed on in light of the statement and arguments).

 This was a nonjury trial in which no findings of fact or conclusions of law were
filed or requested, so we infer that the trial court made all necessary findings to support its
judgment. Roberson v. Robinson, 768 S.W.2d 280, 281 (Tex. 1989); Burnett v. Motyka, 610
S.W.2d 735, 736 (Tex. 1980). We review the conclusions of law drawn from these implied
findings of fact to determine their correctness. See Zieben v. Platt, 786 S.W.2d 797, 799 (Tex.
App. 1990, no writ); Mercer, 715 S.W.2d at 697.



   3.  The Evidence

 Appellants argue that because they have done nothing more than file the abstract
of judgment, no justiciable controversy exists. They point out that they do not dispute McBee's
homestead claim, have made no claim on the subject property based upon the judicial lien, and
have not attempted to foreclose on the property or otherwise take action.

  a. Applicable Law

 A justiciable controversy is one in which there is a real controversy between the
parties that will be actually determined by the judicial declaration sought. Board of Water Eng'rs.
v. City of San Antonio, 283 S.W.2d 722, 724 (Tex. 1955). Generally, a first or subsequent
abstract of judgment, when it is recorded and indexed in accordance with applicable statutory
provisions, constitutes a lien on the judgment debtor's real property that is located in the county
in which the abstract is recorded and indexed, including real property acquired after such
recording and indexing. Tex. Prop. Code Ann. § 52.001 (Supp. 1992). The lien of an abstract
of judgment attaches to whatever interest in realty the judgment debtor actually owns when the
lien is filed. Whatever interest he actually owns is bound by the lien. Donley v. Youngstown
Sheet & Tube Co., 328 S.W.2d 192, 196 (Tex. Civ. App. 1959, writ ref'd n.r.e.) (interpreting
former Tex. Rev. Civ. Stat. Ann. art. 5449, since repealed and non substantively recodified as
§ 52.001). However, the mere filing of an abstract of judgment, by itself, may not assert any
claim of lien upon homestead property. Mauro v. Lavlies, 386 S.W.2d 825, 826 (Tex. Civ. App.
1964, no writ). But if one attempts to sell the homestead property and is prevented from doing
so because the judgment has been abstracted, the question of a cloud on title is raised and
constitutes a justiciable controversy, even if the judgment creditor has not attempted to enforce
its lien. See id.; Stewart v. American Indus. Linings, Inc., 640 S.W.2d 654, 655-66 (Tex. App.
1982, writ ref'd n.r.e.). It is McBee's burden to show that a justiciable controversy is presented. 
Margolis, 439 S.W.2d at 698.


  b. Abstract Clouded Title

 McBee testified that in August 1991 she desired to sell her property to Taylor and
Inez Gaines. McBee sought issuance of an owner's title policy to insure the title she would
convey. The title company prepared a title commitment to issue a policy that excepted the lien
of the abstract of judgment. McBee testified that the purchasers would not accept such a policy. 
She further testified: "The purchasers want clear title. They don't want it subject to a lien, a
potential cloud on a title, which the abstract of judgment reflects." McBee testified that the title
company would not issue a title policy without the exception unless appellants executed a release
of the judgment lien or a court ruled that the property was her homestead. 

 McBee testified that she met with appellant Sam Fason to request that appellants
execute a release of the judgment lien. In the meeting with Fason, she went through the details
that would exempt her property as a homestead. She offered to provide copies of documents to
support her claim that the property was her homestead. McBee testified that Fason told her, "he
did not need that" and that "he knew this was my homestead and that he didn't have any objection
to that, he just didn't want to help me by giving me a partial release on it." McBee testified that
Fason subsequently told her that he wanted half the proceeds from the sale of the house in
exchange for appellants' execution of the release. There was no objection to this testimony and
it was uncontroverted. 

 McBee testified that at the time of trial a "closing" on the property had occurred. 
The deed conveying the property from McBee to the Gaineses had been recorded and the Gaineses
had possession of the property. However, no title policy had been issued and no proceeds from
the sale of the property had been disbursed. McBee testified that the proceeds from the sale were
being held in escrow pending issuance of the title policy. 

 The foregoing evidence supports the following implied findings: (1) McBee has
attempted to sell her property, but could not obtain title insurance because the title company would
not issue a title policy upon property on which a judgment had been abstracted, unless the
judgment lien was released or the property was ruled a homestead; (2) the appellants' abstract of
the Travis County judgment created a cloud on McBee's title to her property; (3) appellants have
refused to execute a release from the judgment lien; (4) appellant Fason conditioned appellants'
execution of the release on receipt of one-half of the proceeds from the sale of the property; and
(5) a real controversy exists between the parties. 

 The evidence further supports the implied finding that the relief McBee sought
would determine the controversy. In her petition, McBee prayed for the following relief:



1. A declaration that the property described herein, and any proceeds thereof, be
exempt pursuant to the Texas Property Code (1) from the Judgment Lien of
defendants.


2. Attorney's fees and costs of suit.


3. Such other and further relief as to which Plaintiff may justly be entitled.



 Appellants also stipulated at trial that the judgment lien did not evidence the type
of debt that would attach to a homestead. (2) Therefore, the relief prayed for would exempt the
subject property and proceeds (3) from appellants' judgment lien and remove the cloud on title
created by appellants' abstract. We hold that from these implied findings, the trial court correctly
concluded that McBee met her burden to show that a justiciable controversy existed. We overrule
appellants' first and second points of error.


B. Standing: Does McBee Possess a Justiciable Interest?


 In their third point of error, appellants assert that the trial court erred in taking
jurisdiction in this case because McBee did not have standing to bring the suit. Appellants assert
that McBee lacked standing because she did not have a legal or equitable interest in the property
at the time she filed suit. (4) Appellants did not plead the allegation that McBee lacks standing in
the trial court. A party's lack of standing must be pointed out to the trial court in an appropriate
pleading, and a ruling thereon must be obtained or the matter is waived. Texas Indus. Traffic
League v. Railroad Comm'n, 633 S.W.2d 821, 823 (Tex. 1982). We overrule appellants' third
point of error.


C. Failure to Join Title Company and the Gaineses


  1. Preservation of Error

 In their fifth point of error, appellants assert that the trial court erred as a matter
of law in failing to dismiss the case for McBee's failure to join the title company or grantees as
indispensable parties. Appellants did not preserve error on this point. They did not complain at
the trial court level by exception, plea in abatement, motion to join other parties, or otherwise. 
Pirtle v. Gregory, 629 S.W.2d 919, 920 (Tex. 1982); Tex. R. App. P. 52(a) (Pamph. 1992). We
will not consider appellants' point of error where there has been no trial predicate complaining
of the error, unless the non-joinder complained of is fundamental error. Id.; Adamson v.
Blackmar, 546 S.W.2d 698, 702 (Tex. Civ. App. 1977, no writ). 

 Fundamental error survives today in those rare instances in which the record shows
the court lacked jurisdiction or that the public interest is directly and adversely affected as that
interest is declared in the statutes or the constitution of Texas. Pirtle, 629 S.W.2d at 920. Under
the provisions of Tex. R. Civ. P. 39, it would be rare indeed if there were a person whose
presence was so indispensable that his absence deprives the court of jurisdiction between the
parties already joined. Id. In determining whether non-joinder of the absent persons was
fundamental error in this cause, we consider the prejudicial effect, if any, on the rights of the
absent persons and the adequacy of the judgment rendered in their absence. Tex. R. Civ. P. Ann.
39 (1979); Clear Lake City Water Auth. v. Clear Lake Util. Co., 549 S.W.2d 385, 390 (Tex.
1977).



   3. The Evidence


  The Title Company


 The title company claims no interest in McBee's property or the escrowed funds. 
It functions merely as a stakeholder. The fact that the title company voluntarily agreed to be
bound by the trial court's decision and issue a title policy if McBee's property is declared
homestead exempt from the appellants' judgment lien does not act to prejudice the title company
in any way.

  The Gaineses

 The Gaineses' rights are not prejudiced if McBee obtains the judgment prayed for,
because the judgment removes the cloud on title created by the abstract. Nor are their rights
prejudiced if McBee is denied relief. The escrow agreement between the Gaineses and McBee
provides that if a declaratory judgment is not obtained which allows the property to pass free and
clear of judgment liens: (1) the escrowed funds shall be paid to the judgment creditors in an
amount sufficient to pay off the judgment and obtain a release of the abstract, thereby removing
the cloud created by the lien; or (2) the proceeds shall be turned over to the Gaineses at McBee's
discretion. 

 Furthermore, the Gaineses' interest in the property does not make them
indispensable. The abstract of the Travis County judgment created the cloud on McBee's
property. The Gaineses were not parties to the Travis County judgment. All of the parties to the
Travis County judgment were before the court. The relief prayed for was a declaration that
McBee's real property and the proceeds of sale are exempt from the lien evidenced by the abstract
of appellants' judgment. We hold that the Gaineses and the title company were not prejudiced by
the judgment rendered in their absence and the judgment is adequate. The failure to join the title
company and the Gaineses is not fundamental error. Appellants' fifth point of error is waived. 

D. Failure to Award Attorney's Fees

 In their sixth point of error appellants complain of the trial court's failure to award
them attorney's fees. The trial court's judgment does not award either party attorney's fees.

 Section 37.009 of the Uniform Declaratory Judgment Act provides: "In any
proceeding under this chapter, the court may award costs and reasonable and necessary attorney's
fees." Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (1986). In a declaratory- judgment action,
the granting or denial of attorney's fees lies within the sound discretion of the trial court. The
trial court's judgment will not be reversed on appeal absent a clear showing of abuse. Oake v.
Collin County, 692 S.W.2d 454, 455 (Tex. 1985). On the record before us, we cannot say that
the trial court abused its discretion in refusing to award appellants their attorney's fees. 
Appellants' sixth point of error is overruled.

 The trial court's judgment is affirmed.


[Before Justices Powers, Jones and Kidd]

Affirmed

Filed: August 26, 1992

[Do Not Publish]
1. Tex. Prop. Code Ann. § 41.001(a) (Supp. 1992).
2. Tex. Prop. Code Ann. § 41.001(b) (Supp. 1992). 
3. Tex. Prop. Code Ann. § 41.001(c) (Supp. 1992).
4. Essentially, appellants allege that McBee did not have a justiciable interest in the subject
matter of this suit. "Justiciable interest" refers to a party's standing to litigate the case or
controversy. A party must show she has a justiciable interest in the subject matter of the litigation
in her own right or in a representative capacity before she can maintain the action. Yett v. Cook,
281 S.W. 837, 840 (Tex. 1926); Housing Auth., Etc. v. State Ex rel. Velasquez, 539 S.W.2d 911,
913 (Tex. Civ. App. 1976, writ ref'd n.r.e.).