VOLKSWAGEN CREDIT, INC., Plaintiff,

v.

FIRST AMERICAN BANK, Defendant.

Civil Action No. H–95–4347.

United States District Court,
S.D. Texas.

April 8, 1997.

Donald L. Turbyfill, Houston, TX, for Plaintiff.

Jeffrey Lloyd Joyce, Houston, TX, for Defendant.

## Opinion on Attorneys' Fees

HUGHES, District Judge.

### 1. Introduction.

VW Credit sued First American Bank for conversion, negligence, debt, and fraud because the bank had taken an independent security interest in a dealer's inventory that conflicted with VW Credit's blanket inventory security interest. The bank counter-sued for a declaratory judgment that its interest in the collateral and proceeds was superior to VW Credit's interest. The court determined that the bank had the better claim; now it wants attorney's fees for succeeding in its declaratory-judgment action.

### 2. Declaratory Judgment.

■ Ordinarily an action for a declaratory judgment is brought before the claim would have been mature at common law. Pure declaratory actions allow a judicial resolution when the parties have a genuine conflict but without forcing society and them to incur the cost of a collapsed transaction. It could be described as an injunction prohibiting one of the parties' interpretations of the facts or law. It is an opportunity to litigate who has the right of way before entering the intersection. In this case the wreck has occurred, but the dispute is between two victims of a third party. C. FREEMAN, 1 FREEMAN ON JUDGMENTS §§ 18, 1353 (5th ed.1925).

### 3. Texas law.

■ When a counterclaim for declaratory relief is ephemeral because it only seeks the necessary consequence of the loss by the plaintiff, attorney's fees may not be allowed. See John Chezik Buick Co. v. Friendly Chevrolet Co., 749 S.W.2d 591 (Tex.App.–Dallas 1988) (Declaratory Judgment Act unavailable in counterclaim).

VW Credit claims conversion of the cars and debt for the proceeds. First American has a suit to remove a cloud on its title, and its title would moot VW Credit's claims. Texas merged law and equity in 1836; because the equitable claim to remove a cloud on a title and the statutory claim for a declaratory judgment are parallel, Texas allows the fee-recovery part of the statutory law to apply to the older action in equity. Tarrant Bank v. Miller, 833 S.W.2d 666 (Tex.App.–Eastland 1992).

### 4. Conclusion.

■ Texas law allows recovery of fees in an action on a contract, but here VW Credit and the bank have no contracts between themselves, rather each has a contract with the dealer. The dispute here then is either a suit to remove a title cloud or a declaratory action arising from conflicting assignments; the tort barrage launched by VW Credit, except for conversion of the sold cars, misses the point.

Because this kind of dispute is suffused with declarations and contracts, Texas allows fees, considering the dispute much closer to those allowing recovery than the ordinary title action or tort case where they are absent.

The bank will recover from VW Credit its reasonable cost for necessary legal services; that amount is $52,000. The bank will recover as an equitable expense allocation $4,666.33 as its reasonable cost in reconstructing documents destroyed by VW Credit.