Affirmed and Memorandum Opinion filed April 12, 2011.

 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-00090-CV



 

Mortgage Electronic
Registration Systems, Inc., as nominee for GreenSPoint Funding, Appellant

V.

Nancy Groves, Appellee

 



On Appeal from the 334th
District Court

Harris County, Texas

Trial Court Cause No. 2009-29112



 

MEMORANDUM  OPINION

 

Nancy Groves sued Mortgage Electronic Registration
Systems, Inc. (MERS), as nominee for Greenspoint Funding, to invalidate a deed
of trust securing MERS’s alleged lien on Groves’s property.  The trial court
entered a default judgment against MERS, which then filed this restricted
appeal.  We affirm.

BACKGROUND

Groves filed her original petition against MERS on
May 8, 2009.  She alleged that she owns a certain tract of land subject to a
lien secured by a deed of trust “accepted and recorded” by MERS.  She further
alleged that the deed of trust is invalid and asked the trial court to remove
it and quiet title in Groves.  MERS was served with process but failed to file
an answer, and Groves filed a motion for default judgment.  The trial court
signed a default judgment against MERS stating that (1) Groves owns the
property in question; (2) the deed of trust is “void and of no force or effect;”
and (3) the deed of trust be removed from the property title.  

MERS filed a timely notice of restricted appeal,
arguing that (1) “Groves failed to properly state a cause of action and such failure
is plain on the face of Groves’s petition;” and (2) “no justiciable controversy
is alleged in Groves’s petition.”    

ANALYSIS

A restricted appeal is available when (1) it is filed
within six months after the trial court signed the judgment; (2) by a party to
the suit; (3) who, either in person or through counsel, did not participate at
trial and did not timely file any post-judgment motions or requests for
findings of fact and conclusions of law; and (4) error is apparent from the
face of the record.  Tex. R. App. P. 26.1(c), 30; Alexander v. Lynda’s
Boutique, 134 S.W.3d 845, 848 (Tex. 2004).  The face of the record consists
of all papers on file in the appeal.  Osteen v. Osteen, 38 S.W.3d 809,
813 (Tex. App.—Houston [14th Dist.] 2001, no pet.).

MERS, a party to this suit, did not participate in
the trial court and did not file any post-judgment motion or request for
findings of fact or conclusions of law.  MERS filed its notice of restricted
appeal on January 26, 2010, less than six months after the trial court signed
the default judgment on September 25, 2009.  Accordingly, the only issue in
this restricted appeal is whether error is plain on the record’s face.  See Tex.
R. App. P. 26.1(c), 30; Alexander, 134 S.W.3d at 848. 

I.         Groves’s Pleadings

MERS argues in its first issue that error is plain on
the record’s face because Groves’s pleading does not properly raise a claim for
which the trial court could grant relief.  According to MERS, Groves’s pleading
does not raise a viable claim because Groves (1) failed to base her claim on
the superiority of her own title to the property; and (2) requested only
declaratory relief under the Declaratory Judgment Act.

Groves stated in her petition:

Nancy Groves, Plaintiff, petitions the court pursuant to
the Declaratory Judgment Act . . . for a declaration of the invalidity of
certain documents and claim held by the Defendant, [MERS], in order to quiet
title to the property in which Plaintiff has an interest, and for cause of
action shows:

                                    *                                  *                                  *

3.  Plaintiff’s Interest in Property.  The plaintiff
is the owner of a certain tract of land located in Harris County, Texas, as
shown in the Assessment Lien Deed recorded under document number V230924 in the
official Public records of Tarrant County, Texas, and more particularly
described as Lot Thirteen (13), in Block Two (2), of Summerwood, Section 4,
Seven Oaks Village, an addition in Harris County, Texas, according to the map
or plat thereof recorded in Film Code No. 388 of the Map Records of Harris,
County, Texas.

                                    *                                  *                                  *

5.  Invalidity of
Defendant’s Claim.  The Deed of Trust under which the Defendant or the
Lender or Lender’s assigns asserts an interest that interferes with Plaintiff’s
title, although appearing valid on its face, is in fact invalid and of no force
or effect.  The Plaintiff will show that Defendant nor the Lender’s assigns is
not the holder of the original Real Estate Lien note that is secured by the
Deed of Trust.

Groves also requested “other
and further relief for which Plaintiff may be justly entitled” based on
allegations that (1) she owns the property in question; (2) MERS accepted and
recorded a deed of trust securing an alleged lien on the property; and (3) the
deed of trust “is in fact invalid and of no force or effect.”  

 

The trial court’s judgment states:

[T]he court Orders and Adjudges, that [Groves] is the owner
of [the property].

The court further Orders and Adjudges that the Deed of
Trust filed is void and has no force or effect.

The court further orders the deed
of trust removed from the title to the property made the subject of this
litigation.

A.        Strength of Title

MERS first argues that the judgment was in error
because Groves pleaded “a quiet title (or trespass-to-try-title) claim” but did
not “base her claim solely on the strength of her own title.”  MERS argues that
suits to quiet title must be based on the strength of the claimant’s own title,
rather than the weakness of the adverse claimant’s title.  See, e.g., Fricks
v. Hancock, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.). 
Resolution of this contention requires consideration of the different types of
claims that have been characterized as suits to quiet title.  The case law is
not entirely consistent on this issue. 

A suit to quiet title is equitable in nature, and the
principal issue in such suits is “‘the existence of a cloud on the title that
equity will remove.’”  Florey v. Estate of McConnell, 212 S.W.3d 439,
448 (Tex. App.—Austin 2006, pet. denied) (quoting Bell v. Ott, 606 S.W.2d
942, 952 (Tex. Civ. App.—Waco 1980, writ ref’d n.r.e.)).  A “cloud” on legal
title includes any deed, contract, judgment lien or other instrument, not void
on its face, that purports to convey an interest in or makes any charge upon
the land of the true owner, the invalidity of which would require proof.  Wright
v. Matthews, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied).  A
suit to quiet title “‘enable[s] the holder of the feeblest equity to remove
from his way to legal title any unlawful hindrance having the appearance of
better right.’”  Florey, 212 S.W.3d at 448 (quoting Thomson v. Locke,
1 S.W.112, 115 (Tex. 1886)).

Courts have used the term “suit to quiet title” to refer
to legal disputes regarding 
(1) title to and possession of real property; and (2) the validity of other “clouds”
on an undisputed owner’s title to real property.  Compare Alkas v. United
Sav. Ass’n of Tex., Inc., 672 S.W.2d 852, 855–56 (Tex. App.—Corpus Christi
1984, writ ref’d n.r.e.) (suit to adjudicate ownership of property to determine
whether creditors of original owner retained interest in property purportedly
conveyed to new owner was action “to quiet title”), with Sw. Guar. Trust Co.
v. Hardy Rd. 13.4 Joint Venture, 981 S.W.2d 951, 956–57 (Tex. App.—Houston
[1st Dist.] 1998, pet. denied) (undisputed property owner’s action to
invalidate lien and deed of trust securing lien constituted suit “to quiet
title”); see also Florey, 212 S.W.3d at 449 (distinguishing between
“suits to quiet title that are equivalent to trespass-to-try-title actions” and
suits to quiet title involving interests that only “indirectly impact” title to
and possession of real property).[1] 


The first type of claim, which involves title to and
possession of real property, is essentially “the equivalent to [a]
trespass-to-try-title action[].”  See Florey, 212 S.W.3d at 449; see
also Sani v. Powell, 153 S.W.3d 736, 746 (Tex. App.—Dallas 2005, pet.
denied) (quiet title claim involving allegedly invalid tax sale of property characterized
as trespass to try title action).  “A trespass to try title action is the
method of determining title to lands, tenements, or other real property.”  Tex.
Prop. Code Ann. § 22.001 (Vernon 2000).  A trespass to try title action “is
typically used to clear problems in chains of title or to recover possession of
land unlawfully withheld from a rightful owner.”  See Martin v. Amerman,
133 S.W.3d 262, 265 (Tex. 2004), superseded by statute, Tex. Civ. Prac.
& Rem. Code Ann. § 37.004 (Vernon 2008) (reversing Martin’s holding
that relief under the Declaratory Judgment Act was unavailable for boundary
dispute).  It is the exclusive remedy by which to resolve competing
claims to property.  Jordan v. Bustamante, 158 S.W.3d 29, 34 (Tex.
App.—Houston [14th Dist.] 2005, pet. denied).  Courts require claimants bringing
this type of “suit to quiet title” to base their claims on the strength of their
own title.  See Kennedy Con., Inc. v. Forman, 316 S.W.3d 129, 135 (Tex.
App.—Houston [14th Dist.] 2010, no pet.); Alkas, 672 S.W.2d at 857.  To
recover, a claimant must establish a prima facie right of title by proving one
of the following: (1) a regular chain of conveyances from the sovereign; (2) a
superior title out of a common source; (3) title by limitations; or (4) prior
possession, which has not been abandoned.  Kennedy Con., Inc., 316
S.W.3d at 135.  

The second type of claim, which involves other
“clouds” on an undisputed owner’s title to real property, challenges an adverse
interest that impacts title and possession only indirectly.  See Florey,
212 S.W.3d at 449; see also Max Duncan Family Inv., Ltd. v. NTFN Inc.,
267 S.W.3d 447, 453–54 (Tex. App.—Dallas 2008, pet. denied) (undisputed property
owner’s suit to invalidate promissory note and lien securing note “involve[d]
more than just title and possession of real property”); Cadle Co. v. Ortiz,
227 S.W.3d 831, 837–38 (Tex. App.—Corpus Christi 2007, pet. denied) (undisputed
property owner’s post-foreclosure suit to invalidate mechanic’s lien distinguished
from trespass to try title action); Sw. Guar. Trust Co., 981 S.W.2d at
957 (undisputed property owner’s action to declare lien invalid was “really one
to quiet title”).  A claim is sufficiently adverse if its assertion would cast
a cloud on the owner’s enjoyment of the property.  See Katz v. Rodriguez,
563 S.W.2d 627, 629 (Tex. Civ. App.—Corpus Christi 1977, writ ref’d n.r.e.).  To
remove such a cloud, a plaintiff must “allege right, title, or ownership in
herself with sufficient certainty to enable the court to see she has a right of
ownership that will warrant judicial interference.”  Wright, 26 S.W.3d at
578.  

MERS does not dispute that Groves holds title to the
property subject to the deed of trust; Groves does not dispute that the deed of
trust securing the lien belongs to MERS.  Groves’s claim that the deed is
invalid does not directly implicate any issues to be resolved by a trespass to
try title suit.  See Tex. Prop. Code Ann. § 22.001 (Vernon 2000) (“A
trespass to try title action is the method of determining title to lands,
tenements, or other real property.”); Martin, 133 S.W.3d at 265 (trespass
to try title statute is “typically used to clear problems in chains of title or
to recover possession of land unlawfully withheld from a rightful owner”); see
also Deutsche Bank Nat’l Trust Co. v. Stockdick Land Co., No.
14-09-00617-CV, 2011 WL 321742, at *10 (Tex. App.—Houston [14th Dist.] Feb. 3,
2011, no pet.) (“If the Bank succeeds in its arguments . . . then the Property
is subject to the Bank’s lien.  If not, then the Property is not subject to the
lien.  In any event, title to the Property or to the liens is not in question .
. . .  [The Bank] is not required to pursue a trespass-to-try-title action.”). 
Therefore, Groves’s claim is not in the nature of a trespass to try title
action and she was not required to base her claim upon the strength of her own
title.  

Groves alleged in her pleading that she owns the
property by virtue of her recorded deed.  This satisfies the requirement that
she “allege right, title, or ownership in herself with sufficient certainty to
enable the court to see she has a right of ownership that will warrant judicial
interference” in the issue of the deed of trust’s validity.  Wright, 26
S.W.3d 575.[2] 
Therefore, Groves’s pleadings do not establish error on the face of the record.


B.        Relief under Declaratory Judgment Act

MERS alternatively argues that “the
trespass-to-try-title statutes [are] Groves’s sole remedy” and complains that Groves
“did not raise a cause of action under those statutes” because she requested only
declaratory relief under the Declaratory Judgment Act.  MERS bases its argument
on Martin v. Amerman, 133 S.W.3d at 267–68.  The holding in Martin
rested upon the court’s characterization of section 22.001 of the Texas
Property Code as the exclusive remedy for trespass to try title actions.  See
id.    

We need not decide whether Martin precludes
Groves’s request for declaratory relief under the Declaratory Judgment Act in
this case.[3] 
Groves requested relief under the Declaratory Judgment Act, as well as “other
and further relief to which [she] may be justly entitled.”  The trial court’s
judgment does not indicate that it granted her request to “quiet title” exclusively
under the Declaratory Judgment Act.  Accordingly, no error appears on the face
of this record.  See Tex. R. App. P. 26.1(c), 30; Alexander, 134
S.W.3d at 848.

We overrule MERS’s first issue.

II.        Justiciable
Controversy

MERS argues in its second issue that the trial court
lacked jurisdiction over the action because Groves “failed to allege a
justiciable controversy under the Declaratory Judgment Act.”

A justiciable controversy between the parties must
exist at every stage of the legal proceedings.  Williams v. Lara, 52
S.W.3d 171, 184 (Tex. 2001).  We cannot decide moot controversies.  Nat’l
Collegiate Athletic Ass’n v. Jones, 1 S.W.3d 83, 86 (Tex. 1999).  “In order
to maintain a suit to quiet title, there must be an assertion by the defendant
of a claim to some interest adverse to plaintiff’s title; and the claim must be
one that, if enforced, would interfere with the plaintiff’s enjoyment of the
property.”  Mauro v. Lavlies, 386 S.W.2d 825, 826–27 (Tex. Civ.
App.—Beaumont 1964, no writ) (internal quotation omitted) (no justiciable
controversy existed because the judgments defendants obtained against plaintiffs
asserted no claims against plaintiffs’ property and defendants made no attempt
to create a lien upon property or to have property sold to satisfy judgments).

Groves alleged in her petition that MERS’s deed of
trust “purported to create a lien for security purposes on Plaintiff’s property
as described.”  This alleged lien constitutes an adverse interest to Groves’s
title, which, if enforced, would interfere with her enjoyment of the property. 
See id.  Therefore, a justiciable controversy existed, and the trial
court had subject matter jurisdiction over the case.  See Williams, 52
S.W.3d at 184; Mauro, 386 S.W.2d at 826–27.[4] 


We overrule MERS’s second issue.

CONCLUSION

Having overruled both of MERS’s issues on appeal, we
affirm the trial court’s judgment.                        

                                                            

                                                                        

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

 

 

Panel consists of Justices Brown,
Boyce, and Jamison.

 









[1]
Other decisions have stated that a suit to quiet title is distinct from a
trespass to try title action.  See, e.g., Longoria v. Lasater,
292 S.W.3d 156, 165 n.7 (Tex. App.—San Antonio 2009, pet. denied); Fricks v.
Hancock, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.); McCammon
v. Ischy, No. 03-06-00707-CV, 2010 WL 1930149, at *7 (Tex. App.—Austin May
12, 2010, pet. denied) (mem. op.).        





[2]
Even assuming for argument’s sake that Groves’s suit is properly characterized
as a trespass to try title suit, the rule that a claimant in such an action
must base her claim on the superiority of her own title concerns Groves’s
burden of proof.  See Kennedy Con., Inc., 316 S.W.3d at 135 (“To recover
[in trespass to try title action], Forman must establish a prima facie right of
title by proving [strength of Forman’s own title by one of four ways].”)
(emphasis added).  Any alleged error relating to this issue would be one of
proof and is not apparent from Groves’s petition or on the face of this record. 
See Tex. R. App. P. 26.1(c), 30; Alexander, 134 S.W.3d at 848.





[3]
Although Martin addressed exclusivity of relief under the Texas Property
Code for trespass to try title claims, courts of appeals are split on whether
exclusivity of relief under the Texas Property Code applies to all suits
characterized as suits to quiet title.  Compare Sw. Guar. Trust Co., 981
S.W.2d at 957 (action to quiet title brought to invalidate lien on property was
governed exclusively by trespass to try title statute), with Florey, 212
S.W.3d at 449 (Martin does not preclude relief under the Declaratory
Judgment Act for actions to quiet title that only indirectly impact title and
possession and therefore are not not equivalent to trespass to try title
actions). 





[4]
MERS also argues: “All Groves alleged is MERS lacked an enforceable security
interest in the property at the time she filed her petition because MERS was
not then holder of the original note secured by the deed of trust. . . . 
[T]his one fact shows Groves’s action is based entirely on facts subject to
change” and therefore fails to manifest the “ripening seeds of a controversy”
between Groves and MERS.  MERS argues that a justiciable controversy does not
exist because it “may or may not be required to hold the original note” to
enforce the security interest and could “acquire noteholder status through
assignment” if so required.  This argument goes to the merits of Groves’s
argument for invalidating the deed of trust and does not affect whether a
controversy existed as to the validity of the deed of trust.