Mary ROBERSON, et al., Appellants

v.

Larry ODOM, Larry's Interiors, Inc., and L & S Odom Family Limited Partnership, Appellees

No. 06-17-00021-CV

Court of Appeals of Texas, Texarkana.

Date Submitted: June 2, 2017

Date Decided: August 29, 2017

William T. Hughey, The Hughey Law Firm, PLLC, P.O. Box 2012, Marshall, TX 75671, for appellant.

Rickey L. Faulkner, Lead Counsel, Coghlan Crowson, LLP, P.O. Box 2665, Longview, TX 75606, Charles H. Clark, Attorney at Law, 604 Woldert, Tyler, TX 75710, for appellee.

Before Morriss, C.J., Moseley and Burgess, JJ.

OPINION

Opinion by Justice Moseley

By deed dated July 25, 2015, Jean Clemons, in her capacity as the Executrix of the Estate of Mary Roberson, deceased, purported to convey three tracts of land located in Gregg County[1] (the Property) to Larry Odom d/b/a Larry's Interiors, Inc.[2] Larry Odom, Larry's Interiors, Inc., and L & S Odom Family Limited Partnership (collectively Odom) brought suit against Clemons, individually and as the executrix of Roberson's estate, and a large number of other individuals (to whom reference is made collectively as Clemons) asking the trial court to vest legal and equitable title to the Property in Odom rather than Clemons. At the conclusion of the trial before the court, a judgment was entered granting fee simple title of the lands and premises to Odom as against the defendants, and Clemons has appealed. For the reasons below, we affirm the trial court's judgment.

## I. Background

According to Odom, after making the purchase, he posted "No Trespassing" signs on the Property, erected and maintained a fence around the Property, and also paid all of the ad valorem taxes assessed against the Property. Odom also maintained that he made it known to others that the Property belonged to him, a position which was contested at trial by Clemons.

Eventually, Odom attempted to sell one of the tracts of land; however, upon attempting to obtain a title insurance policy, he learned of the existence of title issues with the Property. At that point, Odom retained an attorney, who conducted a preliminary title examination. After identifying all of the potential claimants to the Property, Odom filed suit, alleging that the claims of certain of the defendants that they own undivided interests in the Property had clouded Odom's title thereto. Odom further alleged themselves to have perfected title to the Property described in said deed pursuant to the five-year statute of limitations.[3] Odom sought judgment that any claims of the defendants to title to the realty described be removed, vesting good and marketable title to the surface estate thereof in Odom as against such claims of Clemons.

Clemons' active pleading asserted the affirmative defense of "unclean hands," as well as a request for attorney fees. Thereafter, the trial court granted Odom's special exceptions and struck Clemons' affirmative defense of unclean hands, stating, "I do not believe that that is—the counterclaims as to unclean hands is—applies to this type of suit."[4] Clemons did not request an opportunity to amend the operative pleadings, and the case proceeded to trial.

A bench trial was held on August 10, 2016. On August 22, 2016, the trial court issued findings of fact and conclusions of law, as follows:

1) The Court finds that [Odom] purchased the properties in question. The court finds that he claimed the property under a valid and duly reg-

---

1. The three tracts of land amounted to approximately 107 acres, consisting of 16.839 acres (Tract I), 26.418 acres (Tract II), and 63.808 acres (Tract III).

2. The deeds were placed of record August 17, 2005.

3. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.025 (West 2002).

4. The trial court also struck Clemons' request for attorney fees; however, she does not challenge the trial court's ruling on appeal.

istered deed from Jean Clemons, Executrix of the Mary Roberson Estate to Larry Odom d/b/a Larry's Interiors, Inc. recorded in the Official Public Records of Gregg County under Document 200518362. The court further finds that the properties were all purchased and the deed recorded longer than five (5) years prior to the filing of this lawsuit.

2) The Court finds, as to each of the properties, that [Odom] used, cultivated, and enjoyed the property. The court finds that Larry Odom put fencing up on parts of the properties, posted signs on part of the properties, and also cleared and maintained parts of the properties. The Court finds that [Odom] exercised the rights [of] ownership of each of the properties in question.

3) The court finds based on the evidence, that [Odom] paid the taxes on the properties in question for a period of time in excess of five (5) years after July 25, 2005.

4) The Court further finds that [Odom] exercised due diligence in trying to identify and serve citation on all persons who may be able to claim an interest in the property.

5) Based on the above finding, the court finds for [Odom] and rules that a judgment shall issue vesting title for [Odom].

The trial court went on to state,

The Court finds that the cause of action asserted by [Odom] is a suit to quiet title seeking both fee simple title and possession of the real property described herein. The Court also finds that [Odom is] entitled to judgment against [Clemons] for fee simple title to and possession of the real property described herein.

Clemons appealed the trial court's judgment, contending that the trial court erred in granting Odom's special exception to Clemons' affirmative defense of unclean hands. For the reasons below, we affirm the trial court's judgment.

## II. Standard of Review

"A trial court has broad discretion in ruling on special exceptions." *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007) (per curiam). On appellate review, the trial court's ruling will be reversed only upon a showing of an abuse of discretion. *Fuentes v. McFadden*, 825 S.W.2d 772, 778 (Tex. App.—El Paso 1992, no writ). Abuse of discretion occurs when the trial court acted without reference to any guiding rules and principles; that is, if it acted in an arbitrary or unreasonable fashion. *Id.*

## III. Discussion

In her sole point of error, Clemons maintains that the trial court erred by striking her affirmative defense of unclean hands.[5] Clemons contends, "The absence of the ability to attack the transaction which gave rise to the pending matter left [me] as [a] victim[ ] in a fraudulent conveyance in which [Odom] entered with 'Unclean Hands....'" Simply stated, Clemons

---

5. Pursuant to the doctrine of unclean hands, a trial court may refuse to grant equitable relief sought by "one whose own conduct in connection with the same matter or transaction has been unconscientious, unjust, or marked by a want of good faith, or one who has violated the principles of equity and righteous dealing." *In re Jim Walter Homes, Inc.*, 207 S.W.3d 888, 889 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding). "[A] court may refuse to grant equitable relief to a plaintiff who has been guilty of unlawful or inequitable conduct regarding the issue in dispute." *Lazy M. Ranch, Ltd. v. TXI Operations, LP*, 978 S.W.2d 678, 683 (Tex. App.—Austin 1998, pet. denied).

claims that Odom's alleged failure to adequately conduct due diligence prior to purchasing the Property in 2005 amounted to unclean hands and, thus, Odom should be prevented from seeking equitable relief.

In response, Odom asserts that the trial court did not abuse its discretion in striking Clemons' defense because the equitable defense of unclean hands is not applicable to Odom's action for title.

## A. Mischaracterization of the Proceedings Below

Initially, we must address what appears to be a mischaracterization by Clemons of the proceedings below. Clemons takes the position that Odom filed a suit to quiet title, which, as explained below, is an equitable proceeding. Based on that presumption, Clemons contends the equitable defense of unclean hands is an appropriate basis upon which to respond to Odom's petition.

The elements of a suit to quiet title are: (1) the plaintiff has an interest in a specific property; (2) title to the property is affected by the defendant's claim; and (3) the defendant's claim, although facially valid, is invalid or unenforceable. A suit to quiet title is an equitable proceeding, and the principle issue in such suit is "the existence of a cloud on the title that equity will remove." *Florey v. Estate of McConnell*, 212 S.W.3d 439, 448 (Tex. App.—Austin 2006, pet. denied) (quoting *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex. Civ. App.—Waco 1980, writ ref'd n.r.e.)). The purpose of a suit to quiet title is to remove an encumbrance or defect from a plaintiff's title to the property. *Hahn v. Love*, 321

S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).

On the other hand, "[a] trespass to try title action is the method for determining title to lands, tenements, or other real property." Tex. Prop. Code Ann. § 22.001(a) (West 2014). "To maintain an action of trespass to try title, the person bringing the suit must have title to the land sought to be recovered." *Ramsey v. Grizzle*, 313 S.W.3d 498, 505 (Tex. App.—Texarkana 2010, no pet.). Title may be shown by proving "(1) a regular chain of conveyances from the sovereign, (2) a superior title out of a common source, (3) title by limitations,[6] or (4) prior possession, which possession has not been abandoned." *Kennedy Con., Inc. v. Forman*, 316 S.W.3d 129, 135 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Moreover, in order for a plaintiff to prevail in a trespass to try title action, he must recover on the strength of his own title, and not a weakness in his opponent's title. *Rogers v. Ricane Enters., Inc.*, 884 S.W.2d 763, 768 (Tex. 1994). Unlike a suit to quiet title, a "[t]respass to try title is a purely statutory creation and embraces all character of litigation that affects the title to real estate." *Grizzle*, 313 S.W.3d at 505. In a trespass to try title action, "the prevailing party's remedy is title to, and possession of, the real property interest at issue." *Vernon v. Perrien*, 390 S.W.3d 47, 54 (Tex. App.—El Paso 2012, pet. denied).

Regardless of the form the action takes or the type of relief sought, when a plaintiff's pleadings and the evidence show that the dispute between the parties involves a question of title, the

---

6. In this case, Odom sought to prove sole ownership of the Property, in part, by claiming ownership of the land through the five-year statute of limitations. To establish adverse possession under the five-year statute of limitations, the moving party must conclusively show that for a five-year period, he "(1) cultivate[d], use[d], or enjoy[ed] the property; (2) [paid] applicable taxes on the property; and (3) claim[ed] the property under a duly registered deed." Tex. Civ. Prac. & Rem. Code Ann. § 16.025.

trespass to try title statute governs the substantive claims. *See Grizzle*, 313 S.W.3d at 504; *see also Kennedy Con., Inc.*, 316 S.W.3d 129; *Longoria v. Lasater*, 292 S.W.3d 156 (Tex. App.—San Antonio 2009, pet. denied). "Any suit that involves a dispute over the title to land is, in effect, an action in trespass to try title, whatever its form and regardless of whether legal or equitable relief is sought." *Jordan v. Exxon Corp.*, 802 S.W.2d 880, 883 (Tex. App.—Texarkana 1991, no writ).

■ Thus, the question to be asked is: "What is the nature of the dispute?" *Teon Mgmt., LLC v. Turquoise Bay Corp.*, 357 S.W.3d 719, 727 (Tex. App.—Eastland 2011, pets. denied). In Odom's original petition, he stated, in part,

Plaintiffs allege that they have acquired title to the property by a duly registered and recorded deed of conveyance, which deed describes the 'property' described in **Exhibits 'A', 'B' and 'C'**, and that they have used and/or enjoyed the properties, paid applicable taxes on the property before they became delinquent for a period of time in excess of five (5) years. Plaintiffs allege that they are entitled to have the clouds removed from their title and to have their title quieted. *Plaintiffs allege that they are entitled to a judgment of this court declaring them to be the sole and only owners of the surface estate of the 'property.'*

(Emphasis added). The only substantive issue in the case was whether title to the Property belonged to Odom. Thus, the underlying nature of Odom's action as a trespass to try title is not altered by the fact that the parties and the trial court may have referred to it as a suit to quiet title.[7] The reality in this suit is that it involves solely the issue of title. We, therefore,

conclude that the substance of Odom's claims was a trespass to try title action, rather than a suit to quiet title.

**B. The Trial Court Did Not Err When it Granted Odom's Special Exceptions**

■ Rule 90 of the Texas Rules of Civil Procedure states,

General demurrers shall not be used. Every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by exception in writing and brought to the attention of the judge in the trial court before the instruction or charge to the jury or, in a non-jury case, before the judgment is singed, shall be deemed to have been waived by the party seeking reversal on such account; provided that this rule shall not apply as to any party against whom default judgment is rendered.

TEX. R. CIV. P. 90. In addition, Rule 91 of the Texas Rules of Civil Procedure, entitled special exceptions, states, "A special exception shall not only point out the particular pleading excepted to, but it shall also point out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality, or other insufficiency in the allegations in the pleading excepted to." TEX. R. CIV. P. 91. "Generally, when the trial court sustains special exceptions, it must give the pleader an opportunity to amend the pleading, unless the pleading defect is of a type that amendment cannot cure." *Sonnichsen*, 221 S.W.3d at 635. In such case, the trial court may render judgment dismissing the plaintiff's case. *See Friesenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex. 1998).

■ Here, Odom sought to recover judgment pursuant to the five-year statute

---

7. It is well settled that Texas courts consider the substance and not the form of pleadings to determine whether an action is properly considered as a trespass to try title suit. *See Longoria*, 292 S.W.3d at 165.

of limitations, which has no requirement that the claimant be in good faith. TEX. CIV. PRAC. & REM. CODE ANN. 16.025. There is no requirement (such as in one of the twenty-five-year statutes of limitations [8]) that the claimant be in good faith. Odom asked the trial court to strike the portion of Clemons' second amended answer and counterclaim that he believed to be inapplicable to an action in law. Contrary to Clemons' contention that Odom was pursuing an equitable remedy via a suit to quiet title, Odom's petition reflects he was proceeding with a trespass to try title action, which, as discussed above, is a legal remedy. This is so regardless of whether the parties or the trial court made reference to "quieting title." Because the doctrine of unclean hands does not apply in a suit such as this one, Clemons' defense is not applicable in this case and, thus, the trial court acted within its discretion when it struck that portion of Clemons' pleading.

We overrule Clemons' sole point of error.

## IV. Conclusion

We affirm the trial court's judgment.

---

**8.** *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.028      (West 2002).