**Affirmed as Modified and Opinion filed and Majority and Dissenting Opinions filed May 28, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00967-CV

---

### ROSE GIPSON-JELKS, Appellant

### V.

### MAE K. GIPSON, Appellee

---

**On Appeal from the 269th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-48688**

---

# M A J O R I T Y   O P I N I O N

This case involves a dispute between two parties about the ownership of real property. We must determine whether the evidence was legally sufficient to enable the trial court to find that one party proved superior title from a common source, whether an objection to the trial court's ruling excluding evidence of mental capacity and fraud was preserved for appellate review, and whether sufficient evidence supported awarding $16,292.63 in reasonable attorney's fees. We affirm

the judgment as modified.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The appellee/plaintiff Mae K. Gipson and appellant/defendant Rose Gipson-Jelks are sisters. Mae and her mother, Beulah M. Gipson, jointly purchased a home located on Hopper Road (hereinafter "The Hopper Property") in June 1974. Mae and Beulah each took a one-half interest in the home. Rose moved into the home with Beulah in the fall of 2005 and resided with Beulah until Beulah passed away in April 2010. After Beulah died, Rose remained on the premises. Mae sought to evict Rose on the grounds that Mae was the sole owner of the property because Beulah had deeded Beulah's one-half interest in the property to Mae in a general warranty deed in 2008. Rose took the position that the warranty deed was invalid because Beulah lacked capacity to execute the deed, and Rose refused to vacate the premises in spite of receiving several eviction notices from Mae.

Mae filed a petition in August 2012 in which she asserted she held title to The Hopper Property and sought a judgment declaring that Mae is the sole owner of The Hopper Property, and a writ of possession. Rose filed a general denial. After a bench trial, the trial court signed findings of fact and conclusions of law followed by a judgment declaring Mae the sole and exclusive owner of The Hopper Property and granting her immediate and exclusive possession of this property. The trial court ordered Rose to vacate The Hopper Property immediately. The trial court awarded Mae attorney's fees in the amount of $16,292.63.

## II. ISSUES AND ANALYSIS

### A. Sufficiency of the Evidence

Construing Rose's third issue liberally, Rose argues that the evidence is

2

legally insufficient to prove Mae holds title to The Hopper Property.[1]  In particular, Rose argues that Mae did not prove a certified copy of a deed showing a chain of title emanating from and under a common source.  To prove a common source, Rose argues, Mae needed to place into evidence a certified copy of the 1974 deed to Mae and Beulah.

When reviewing the legal sufficiency of the evidence, we consider the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it.  *City of Keller v. Wilson,* 168 S.W.3d 802, 823 (Tex. 2005).  We must credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not.  *See id.* at 827. We must determine whether the evidence at trial would enable reasonable and fair-minded people to find the facts at issue.  *See id.* The factfinder is the only judge of witness credibility and the weight to give to testimony.  *See id.* at 819.

A trespass-to-try-title action is the method for determining title to lands, tenements, or other real property.  Tex. Prop. Code Ann. § 22.001(a) (West, Westlaw through 2013 3d C.S.).  It is the exclusive remedy by which to resolve competing claims to real property.  *See Kennedy Con., Inc. v. Forman*, 316 S.W.3d 129, 135 (Tex. App.—Houston [14th Dist.] 2010, no pet.).  Any suit involving a dispute over the title to land is a trespass-to-try-title action, whatever its form and regardless of whether legal or equitable relief is sought.  *Id.*  To recover in a trespass-to-try-title action, the plaintiff must establish a prima facie right of title by proving one of the following: (1) a regular chain of conveyances from the sovereign, (2) a superior title out of a common source, (3) title by limitations, or

---

[1] We address Rose's third issue first because success on that issue would entitle Rose to a rendition of judgment in her favor rather than to a remand to the trial court.  *See Bradley's Elec., Inc. v. Cigna Lloyds Ins. Co.*, 995 S.W.2d 675, 677 (Tex. 1999) (per curiam).

(4) prior possession, which has not been abandoned. *See Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004); *Kennedy Con., Inc.,* 316 S.W.3d at 135.

In this case, Mae and Rose both claimed an interest in The Hopper Property from a common source. The common source is Beulah's one-half interest in The Hopper Property. When each party claiming title asserts that his respective title derives from the same source, to establish a prima facie right of title, the plaintiff need only demonstrate good title coming from that common source. *See Rogers v. Ricane Enterprises, Inc.*, 884 S.W.2d 763, 768 (Tex. 1994); *Reiter v. Coastal States Gas Producing Co.*, 382 S.W.2d 243, 253, 255 (Tex. 1964).

Rose argues that Mae has not met her burden because Mae did not introduce the 1974 deed granting ownership of The Hopper Property to Mae and Beulah. But, Mae and Rose both agree that the 1974 deed granted a one-half interest in the property to Mae and a one-half interest in the property to Beulah. Both parties assert that they have a claim to The Hopper Property because they have a claim to Beulah's one-half interest in the property. Because Beulah's one-half interest in the property is the common-source of their competing claims, Mae needed to prove only that she had a superior title to Beulah's one-half interest. *See Rogers*, 884 S.W.2d at 768; *Reiter*, 382 S.W.2d at 253 & 255.

The trial evidence contains a 2008, notarized general warranty deed conveying Beulah's one-half interest in The Hopper Property to Mae. In addition to the warranty deed, Mae testified that her mother wanted to deed the property to her. Mae's granddaughter and the notary both testified that they were present when Beulah signed the deed. Mae's granddaughter stated that Beulah signed the deed of her own free will. We conclude that the record contains sufficient evidence to enable a reasonable factfinder to determine that Mae had superior title from a common source. *See Orca Assets G.P. LLC v. Burlington Resources Oil*,

4

No. 13-13-00462, 2015 WL 233670, at *4 (Tex. App.—Corpus Christi Jan. 15, 2015, pet. filed) (mem. op.). We overrule Rose's third issue. *See Rogers*, 884 S.W.2d at 768; *Reiter*, 382 S.W.2d at 253, 255; *Orca Assets*, 2015 WL 233670, at *4.

**B. Attorney's Fees**

In her second issue, Rose argues the trial court erred in awarding attorney's fees to Mae because (1) there is no statutory or contractual basis for the award, and (2) there was no evidence that the attorney's fees were reasonable. As a prerequisite to presenting a complaint for appellate review, a party generally must have presented its complaint to the trial court by timely request, objection, or motion with sufficient specificity to make the trial court aware of the complaint. *See* Tex. R. App. P. 33.1(a); *Dugas v. Dreyer*, No. 14-96-00336-CV, 2004 WL 438498, at *3 (Tex. App.—Houston [14th Dist.] Mar. 11, 2004, no pet.) (mem. op.). Complaints regarding alleged error in awarding attorney's fees are subject to this rule. *See Dugas*, 2004 WL 438498, at *3; *Jimoh v. Nwogo*, No. 1-13-00675-CV, 2014 WL 7335158, at *4 (Tex. App.—Houston [1st Dist.] Dec. 23, 2014, no pet.) (mem. op.). But, in a bench trial, a party may raise a complaint regarding the sufficiency of the evidence to support attorney's fees for the first time on appeal. *Jimoh*, 2014 WL 7335158, at *4. An argument that there was no evidence during a bench trial that attorney's fees were reasonable is a sufficiency-of-the-evidence complaint that may be raised for the first time on appeal. *In re Q.D.T.*, No. 14-09-00696, 2010 WL 4366125, at *9 (Tex. App.—Houston [14th Dist.] Nov. 4, 2010, no pet.) (mem. op.).

The trial court made a finding of fact that $16,292.63 was a reasonable attorney's fee and awarded Mae $16,292.63 in attorney's fees. Rose never objected to the award of attorney's fees in the trial court or in her motion for new

5

trial. Rose did not preserve error in the trial court as to her complaint that there is no statutory or contractual basis for the award. *See Scally v. Scally*, No. 14-09-00344-CV, 2010 WL 3864924, at *2 (Tex. App.—Houston [14th Dist.] Oct. 5, 2010, no pet.) (mem. op.). Rose may raise the argument that there is no evidence supporting a determination that the award of attorney's fees is reasonable for the first time on appeal, however. *In re Q.D.T.*, 2010 WL 4366125, at *9.

The reasonableness of attorney's fees is a question of fact to be determined by the trier of fact. *Id.* The party seeking to recover attorney's fees has the burden of proof. *Id.* A court may not take judicial notice that usual and customary fees are reasonable unless the trial court awards attorney's fees under section 38.001 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (West 2008); *Charette v. Fitzgerald*, 213 S.W.3d 505, 514–15 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (mem. op.). In this case, the trial court did not award attorney's fees under section 38.001. Mae had the burden to prove the reasonableness of the attorney's fees she sought. *In re Q.D.T.*, 2010 WL 4366125, at *9. The reasonableness of fees must be supported by competent evidence. *Manon v. Tejas Toyota, Inc.*, 162 S.W.3d 743, 752 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

Mae's counsel testified that his services were necessary in this case, that he was familiar with the standard prevailing rates and fees for services of this type, and that his fees were in compliance with local and state bar rules. He testified that he charged $350 per hour and that he expended a total of 44.05 hours on the case, and that this work was necessary to bring the matter to a just conclusion. The evidence includes an itemized invoice showing how this time was spent. We agree with our dissenting colleague that this testimony is sufficient to prove that the work he did was necessary. But, to prove that the attorney's fees are reasonable, Mae

needed to show that the fee for that work was reasonable.

Mae's counsel did not testify that his rate of $350 per hour was reasonable, however, nor did he testify that his fee of $350 per hour was within the standard prevailing rate.[2]  Our dissenting colleague concludes that Mae's counsel's statement that his fees were in compliance with local and state bar rules is evidence that he charged a reasonable rate.  But, this statement is not a statement that a fee is reasonable.  A fee complies with the state bar rules if the fee is not "unconscionable."[3]  The record does not reveal any evidence that $350 per hour is a reasonable rate.

---

[2] Our dissenting colleague suggests that we conclude the evidence is insufficient to prove that the attorney's fees are reasonable because Mae's counsel failed to use "magic words."  The problem is not the lack of "magic words." To the contrary, there is no evidence, in any form, that Mae's counsel charged a reasonable hourly rate.  That Rose's counsel did not dispute the rate charged or offer an alternative rate is not evidence that Mae's counsel's rate of $350 per hour is reasonable.

[3] An attorney's testimony that fees are in compliance with the local and state bar rules is not proof of reasonableness.  Counsel did not identify any particular rule nor indicate how compliance with local or state bar rules would inform the reasonableness of fees charged.  Rule 1.04, entitled "Fees," contains a prohibition against illegal or unconscionable fees.  *See* Rule 1.04(a).  *See* Tex. Disciplinary R. Prof'l Conduct 1.04(a) *reprinted in* Tex. Gov't Code Ann. tit. 2, subtit. G app. A (West, Westlaw through 2013 3d C.S.) (Tex. State Bar R. art. X, § 9).  Rule 1.04(b) contains a paragraph that lists factors for determining the reasonableness of a fee.  Rule 1.04 does not define "unconscionable" as "unreasonable"; rather, under Rule 1.04(a), a fee is unconscionable if a competent lawyer could not form a reasonable belief the fee is reasonable.  Tex. Disciplinary R. Prof'l Conduct 1.04(a). Furthermore, the drafters of the rules note in the comments to the rule that the standard for compliance is a higher standard than reasonableness.  *Id.* cmt. 1.  The first comment to the rule provides that "A lawyer in good conscience should not charge or collect more than a reasonable fee," but the comment acknowledges that "'reasonableness'" is too vague and uncertain to be an appropriate standard in a disciplinary action" to determine lack of compliance with the Rules.  *Id.* cmt. 1.  Accordingly, attorneys are subject to discipline only for illegal or unconscionable fees.  Mae's counsel's statement that her fees complied with the local and state bar rules can be interpreted, at best, as a statement that her fees were not unconscionable and thus that a competent lawyer could form a reasonable belief that the fees were reasonable.  *See McCleery v. Comm'n for Lawyer Discipline*, 227 S.W.3d 99, 104 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).  This statement does not constitute an expert opinion of Mae's counsel that the attorney's fees actually were reasonable.

Because the award of attorney's fees is not supported by legally sufficient evidence that the fees were reasonable, we conclude the trial court erred in awarding attorney's fees in the amount of $16,292.63. Mae's second issue is sustained. *See In re Q.D.T.*, 2010 WL 4366125, at *10.[4] Accordingly, we modify the judgment to delete the award of attorney's fees. *See id.*

## C. Preservation of Error: Evidence of Mental Capacity

In her first issue, Rose asserts the trial court erroneously excluded evidence of mental capacity and fraud during the trial. At trial in September 2013, Rose indicated that she intended to introduce evidence to prove that the warranty deed was invalid because (1) Beulah lacked mental capacity to sign the deed and (2) Mae fraudulently induced Beulah to sign the deed.

To preserve error on the ground that evidence was improperly excluded, a party must inform the trial court of the substance of the evidence by an offer of proof, unless the substance was apparent from the context. *See* Tex. R. Evid. 103(a)(2); *In re N.R.C.,* 94 S.W.3d 799, 806 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). Rose did not make an offer of proof describing the evidence she sought to introduce on the issues of mental capacity and fraud. The record reveals that the only time Rose made an offer of proof was after the trial court sustained an objection to a video record of Beulah because the video violated the rule against hearsay. Rose did not make an offer of proof regarding the evidence she sought to introduce on the issues of mental capacity and fraud, and the

---

[4] Our dissenting colleague concludes that this case is distinguishable from *Q.D.T.* because in *Q.D.T.* there were no itemized invoices, no statement that the fees were necessary to bring the matter to a just conclusion, and no testimony that the fees complied with the state bar rules. In *Q.D.T.*, the attorney testified that he had been licensed in Texas since 1976 and was familiar with the type of case and the normal charges for such cases, that his hourly rate was $250.00, and that he spent 18 hours on the case for mediation, temporary hearings, filing cross actions, and having discussions and exchanges. *See In re Q.D.T.*, 2010 WL 4366125, at *9. This court determined that the award of attorney's fees was not supported by sufficient evidence. *Id.*

substance of this evidence was not apparent from the context. Therefore, Rose did not preserve error in the trial court as to this issue. *See Ismik v. Ibrahimbas*, No. 14-10-00057-CV, 2011 WL 2421017, at \*6 (Tex. App.—Houston [14th Dist.] Jun. 16, 2011, no pet.) (mem. op.). We overrule Rose's first issue. *See id.*

## III. CONCLUSION

The evidence is legally sufficient to prove that Mae holds title to The Hopper Property. Rose did not preserve for appellate review her argument that the trial court erred in excluding evidence of fraud and mental capacity. Mae did not present legally sufficient evidence that her attorney's fees were reasonable. Accordingly, we modify the trial court's judgment to delete the award of attorney's fees. We affirm the judgment as modified.

/s/    Kem Thompson Frost
        Chief Justice

Panel consists of Chief Justice Frost and Justices Christopher and Busby (Christopher, J. dissenting).

9