**Affirmed, Request for Rule 45 Damages Denied, and Opinion filed July 30, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-01000-CV

---

## LORI BECKER-WHITE AND CAROL GOULD, Appellants

### V.

## C. GREG GOODRUM, Appellee

---

**On Appeal from the County Civil Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1028280**

---

# O P I N I O N

On appeal from a judgment in favor of the plaintiff following a bench trial, the defendants assert that (1) the plaintiff's sworn-account affidavit did not satisfy the requirements of Texas Rule of Civil Procedure 185; (2) the trial court erroneously prevented the defendants from presenting various types of evidence at trial; and (3) the trial court erroneously prevented the defendants from pursuing their third-party claims. The appellee/plaintiff asserts that this court should award him damages under Texas Rule of Appellate Procedure 45. We affirm the trial

court's judgment and deny the request for Rule 45 damages.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Appellee/plaintiff C. Greg Goodrum is a Texas attorney who filed this suit against appellants/defendants Lori Becker-White and Carol Gould (hereinafter the "Gould Parties") seeking to recover unpaid attorney's fees that the Gould Parties allegedly owed Goodrum based on Goodrum's representation of Becker-White in two lawsuits. Goodrum asserted various claims and sought to utilize the sworn-account procedure under Texas Rule of Civil Procedure 185.

The Gould Parties did not file a sworn denial of the account, nor did they respond to Goodrum's requests for disclosure. The Gould Parties asserted various counterclaims against Goodrum, and they also filed third-party claims against Goodrum's wife.

Following a bench trial, the trial court rendered a final judgment in Goodrum's favor for $16,084.82, the amount of the unpaid account, attorney's fees, and postjudgment interest. The trial court also rendered judgment that the Gould Parties take nothing by their counterclaims.

## II.   ANALYSIS

### A. Did Goodrum's sworn-account affidavit satisfy the requirements of Texas Rule of Civil Procedure 185?

In their first issue, the Gould Parties assert the trial court erred in rendering judgment in Goodrum's favor because Goodrum's sworn-account affidavit did not satisfy the requirements of Texas Rule of Civil Procedure 185. A plaintiff who strictly adheres to the requirements of the Rule 185 procedure is entitled to

judgment as a matter of law if the defendant fails to file a sworn denial of the account. *See Southern Management Services, Inc. v. SM Energy Co.*, 398 S.W.3d 350, 356 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *PennWell Corp. v. Ken Associates, Inc.*, 123 S.W.3d 756, 765–66 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).  Rule 185 provides in pertinent part as follows:

> When any action . . . is founded upon an open account or other claim . . . including any claim for a liquidated money demand based upon written contract or founded on business dealings between the parties, or is for personal service rendered, or labor done or labor . . . furnished, on which a systematic record has been kept, and is supported by the affidavit of the party, his agent or attorney taken before some officer authorized to administer oaths, to the effect that such claim is, within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as prima facie evidence thereof, unless the party resisting such claim shall file a written denial, under oath.

Tex. R. Civ. P. 185.  If a party resisting such a sworn claim does not timely file a written denial, under oath, that party shall not be permitted to deny the claim, or any item therein, as the case may be.  *Id.*  No particularization or description of the nature of the component parts of the account or claim is necessary unless the trial court sustains special exceptions to the pleadings.[1]  *Id.*

Goodrum invoked the Rule 185 procedure in his original petition and attached to that petition his affidavit, taken before an officer authorized to administer oaths, to the effect that Goodrum's claim for $16,084.82 is, within his

---

[1] In the case under review, the trial court did not sustain any special exceptions to the pleadings.

personal knowledge, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed. Goodrum swore that all facts stated in the petition were true and correct, and in the petition Goodrum stated that the verified account was the record of business dealings between Goodrum and the Gould Parties. Goodrum included in the affidavit an itemized statement of the account, including deductions for more than $25,000 in payments.

The Gould Parties complain on appeal that Goodrum failed to include more than $20,000 in payments they claim to have made. But, an unsworn allegation by the Gould Parties that they made additional payments not reflected in Goodrum's affidavit does not mean that Goodrum failed to comply with Rule 185's requirements. We conclude that Goodrum strictly adhered to these requirements. *See Southern Management Services, Inc.*, 398 S.W.3d at 357; *PennWell Corp.*, 123 S.W.3d at 765–66. Accordingly, we overrule the Gould Parties' first issue.

### B. May this court sustain the second, third, or fourth issue without an offer of proof?

Under their second issue, the Gould Parties assert that, even if Goodrum complied with Rule 185's requirements, the Gould Parties' failure to file a sworn denial of the account would not preclude them from proceeding on their affirmative defenses and counterclaims. Thus, the Gould Parties assert, the trial court erroneously prevented them from presenting evidence at trial regarding their affirmative defenses and counterclaims. Under their third and fourth issues, the Gould Parties assert the trial court abused its discretion when, based on their failure to respond to Goodrum's requests for disclosure, the trial court prevented the Gould Parties from presenting any evidence at trial, including testimony from named parties.

4

At trial, the only witnesses the Gould Parties sought to call were (1) defendant Lori Becker-White, and (2) the Gould Parties' counsel as an expert witness regarding the attorney's fees claimed by Goodrum. When Goodrum objected that the subject of the proposed witnesses' testimony had not been identified in response to his requests for disclosure and that counsel had not been designated as an expert witness, the trial court ruled that neither witness could testify. As to Becker-White, the court ruled that the Gould Parties had not shown good cause or lack of surprise or prejudice.

To preserve error on the ground that the trial court improperly excluded evidence for failure to make a timely discovery response, a party must inform the trial court of the substance of the evidence by an offer of proof, unless the substance was apparent from the context. *See* Tex. R. Evid. 103(a)(2); *Gipson-Jelks v. Gipson*, —S.W.3d—,—, No. 14-13-00967-CV, 2015 WL 3424714, at *4 (Tex. App.—Houston [14th Dist.] May 28, 2015, no. pet. h.); *Nelson v. Duesler*, No. 09-09-00288-CV, 2010 WL 1796098, at *2–3 (Tex. App.—Beaumont May 6, 2010, no pet.) (mem. op.). The Gould Parties did not make an offer of proof describing the evidence that they would have sought to introduce at trial had the trial court not allegedly prevented them from presenting any evidence at trial. The substance of this evidence is not apparent from the context. Therefore, the Gould Parties did not preserve error in the trial court as to their second, third, or fourth issues. *See* Tex. R. Evid. 103(a)(2); *Gipson-Jelks*, —S.W.3d at —, 2015 WL 3424714, at *4. Accordingly, we overrule these issues.

## C. Did the Gould Parties preserve error as to their fifth issue?

Under their fifth issue, the Gould Parties assert that Goodrum's wife failed

to answer their third-party petition and that the trial court erred in preventing the Gould Parties from pursuing their claims against her. The record does not reflect that the third-party petition was ever served on Goodrum's wife, that she waived citation, or that she made an appearance in this case. Nor does the record reflect that the Gould Parties ever sought a default judgment against Goodrum's wife. And, the record does not reflect that the Gould Parties voiced in the trial court the complaint that they now urge in and under the fifth issue. Therefore, we conclude that the Gould Parties failed to preserve error in the trial court as to their fifth issue. *See Meek v. Onstad*, 430 S.W.3d 601, 611 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Accordingly, we overrule this issue.

## D. Should this court award Goodrum damages under Texas Rule of Appellate Procedure 45?

In his appellee's brief, Goodrum seeks an award of just damages against the Gould Parties under Texas Rule of Appellate Procedure 45, which governs damages for frivolous appeals in civil cases, because either their fifth issue or all their appellate grounds are frivolous. *See* Tex. R. App. P. 45. We may award just damages under Rule 45 if, after considering everything in the court's file, we make an objective determination that the appeal is frivolous. *Glassman v. Goodfriend*, 347 S.W.3d 772, 782 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (en banc). To determine whether an appeal is objectively frivolous, we review the record from the viewpoint of the advocate and decide whether the advocate had reasonable grounds to believe the case could be reversed. *Id*. But, Rule 45 does not mandate that we award just damages in every case in which an appeal is frivolous. *Id.* The decision to award such damages is a matter within this court's discretion, which we exercise with prudence and caution after careful deliberation.

6

*Id.* We conclude that damages under Rule 45 are not warranted. Accordingly, we deny Goodrum's request for just damages under Rule 45.

### III. CONCLUSION

Goodrum strictly adhered to Texas Rule of Civil Procedure 185's requirements. The Gould Parties did not preserve error in the trial court as to their second, third, fourth, or fifth issues. Because we conclude that damages under Texas Rule of Appellate Procedure 45 are not warranted, we deny Goodrum's request for this relief.

The trial court's judgment is affirmed.


/s/    Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Christopher and Busby.