

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-15-00140-CV

---

MARIA SANTANA                                                          APPELLANT

V.

ANTHONY SANTANA                                                          APPELLEE

----------

### FROM THE 233RD DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 233-517686-12

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

This is an appeal from a final decree of divorce, which appointed Appellant Maria Santana and Appellee Anthony Santana as joint managing conservators of their daughter, granted Anthony the exclusive right to designate the child's primary residence within Tarrant County, and ordered Maria to pay monthly child

---

[1]See Tex. R. App. P. 47.4.

support.  In four issues, Maria argues that the trial court abused its discretion by excluding an undesignated witness's testimony and by excluding a social study and a witness's testimony concerning it.[2]  We will affirm.[3]

## II. STANDARD OF REVIEW

We review a trial court's decision to exclude evidence under an abuse-of-discretion standard and will not reverse the trial court's ruling absent an abuse of that discretion.  *See Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527–28 (Tex. 2000).  We must uphold a trial court's evidentiary ruling if there is any legitimate basis for it.  *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998).  Moreover, we will not reverse based on an erroneous evidentiary ruling unless the error probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting the case to this court.  Tex. R. App. P. 44.1(a); *Romero v. KPH Consolidation, Inc.*, 166 S.W.3d 212, 225 (Tex. 2005).

## III. EXCLUSION OF UNDESIGNATED WITNESS UNDER RULE 193.6

In her first issue, Maria argues that the trial court abused its discretion by excluding the Family Court Services (FCS) representative from testifying based on Maria's failure to disclose her as a witness.  Maria contends that Anthony

[2]Although given the opportunity, Anthony, who is appearing pro se on appeal, chose not to file a brief with this court.

[3]Because Maria's four issues challenge only the exclusion of evidence—not the sufficiency of the evidence, we omit a detailed factual and procedural background of the case.

2

waived his right to a "rule 215 sanction"—exclusion of the undesignated witness—by failing to raise the issue of a discovery dispute prior to the commencement of the trial. Maria further argues that because the best interest of the child is the primary consideration in determining issues of conservatorship, the technical rules of pleading and practice should not operate to exclude the testimony of the FCS representative.

Texas Rule of Civil Procedure 193.6 provides that a party who fails to make, amend, or supplement a discovery response in a timely manner may not offer the testimony of a witness—other than a named party—who was not timely identified unless the court makes a finding that (1) there was good cause for the failure to timely make, amend, or supplement the discovery response or (2) the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or prejudice the other party. Tex. R. Civ. P. 193.6(a). The rule is mandatory, and the penalty—exclusion of evidence—is automatic, absent a showing of good cause, lack of unfair surprise, or lack of unfair prejudice. *Good v. Baker*, 339 S.W.3d 260, 271 (Tex. App.—Texarkana 2011, pet. denied). Even if the party seeking to call the witness fails to carry the burden of establishing an exception to the automatic exclusion, the trial court may grant that party's request for a continuance and temporarily postpone the trial to allow a response to be amended or supplemented and to allow opposing parties to conduct discovery regarding any new information presented by that response. Tex. R. Civ. P. 193.6(c).

Here, it is undisputed that after the trial court appointed FCS to conduct a social study, Maria did not supplement her discovery responses to designate as a witness the FCS representative who performed the social study. In Maria's initial argument, she contends that the testimony of the FCS representative was erroneously excluded as a rule 215 sanction and that it was incumbent on Anthony to obtain a pretrial ruling on this alleged "discovery dispute." As set forth above, rule 193.6 governs the exclusion of evidence when a party fails to supplement a discovery response in a timely manner, not rule 215. Tex. R. Civ. P. 193.6(a). Unlike rule 215.2, which relates to discovery sanctions and merely gives a trial court discretion to prohibit a party from introducing a matter into evidence when the party fails to comply with discovery requests, rule 193.6(a)'s exclusion of evidence is mandatory. *Compare* Tex. R. Civ. P. 193.6(a), *with* Tex. R. Civ. P. 215.2. Moreover, because rule 193.6(a)'s exclusion of evidence is automatic and mandatory, Anthony was not required to obtain a pretrial ruling on Maria's failure to disclose the FCS representative as a witness.[4]  *See F & H*

---

[4]Maria claims that the exclusion of the testimony of the FCS representative was equivalent to a death-penalty sanction. But a trial court's imposition of the automatic witness exclusion mandated by rule 193.6 is not a death-penalty sanction and is not reviewed as such. *See, e.g.*, *TransAm. Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991) (explaining that discretionary sanction imposed by trial court to punish discovery abuse must be no more severe than to satisfy its legitimate purposes); *Didur-Jones v. Family Dollar*, No. 02-09-00069-CV, 2009 WL 3937477, at *3 (Tex. App.—Fort Worth Nov. 19, 2009, pet. denied) (mem. op.) (holding that "the cautionary factors set out in *TransAmerican Natural Gas Corp.* apply to discretionary sanctions, not to the automatic sanctions under rule 193.6").

*Invs., Inc. v. State*, 55 S.W.3d 663, 670 (Tex. App.—Waco 2001, no pet.) (holding that rule 193.6's exclusionary sanction was automatic and did not require motion to compel); *White v. Perez*, No. 02-09-00251-CV, 2010 WL 87469, at *1 (Tex. App.—Fort Worth Jan. 7, 2010, pet. denied) (mem. op.) (same).

Under rule 193.6(b), the burden of establishing good cause or lack of unfair surprise or unfair prejudice was on Maria. *See* Tex. R. Civ. P. 193.6(b). Maria did not present any evidence to show that her failure to designate the FCS representative as a witness fell within any exception to rule 193.6(b)'s automatic exclusion, and because Maria did not request a continuance, the trial court excluded the testimony of the FCS representative. *See* Tex. R. Civ. P. 193.6; *O'Dell v. Wright*, 320 S.W.3d 505, 511–12 (Tex. App.—Fort Worth 2010, pet. denied) (upholding exclusion of witness's testimony because appellant failed to establish good cause for nondisclosure or lack of surprise or prejudice to appellee), *abrogated on other grounds by Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143 (Tex. 2015).

Maria further argues in her first issue that rule 193.6's automatic exclusion is inoperative here because the best interest of the child is the guiding factor in deciding conservatorship. Although the best interest of the child must be taken into account, "a party cannot ignore the rules of civil procedure and then argue best interest[] of the child to try to avoid the consequences of having failed to abide by the rules. After all, the discovery rules apply to family law cases. If they

5

are not followed, consequences will result." *Kernan v. Cratty*, No. 14-00-00865-CV, 2001 WL 1136153, at \*3 (Tex. App.—Houston [14th Dist.] Sept. 27, 2001, no pet.) (not designated for publication).[5] Rule 193.6 has several built-in safeguards creating exceptions to the automatic exclusion, but Maria did not avail herself of them. *See Kernan*, 2001 WL 1136153, at \*3.

We hold that the trial court did not abuse its discretion by following rule 193.6's mandate and by automatically excluding an undesignated witness because Maria neither presented nor argued any basis for applying an exception and did not seek a continuance. *See In re T.K.D.-H.*, 439 S.W.3d 473, 479 (Tex. App.—San Antonio 2014, no pet.) (holding that trial court did not abuse its discretion by automatically excluding undesignated witness because no basis for applying an exception was argued to trial court); *White*, 2010 WL 87469, at \*1 (holding that evidence, which should have been provided in discovery in suit for divorce, was properly and automatically excluded by trial court in light of

---

[5]The two main cases relied upon by Maria are factually distinguishable. *Spurck* involved termination of parental rights—a right of constitutional dimension, not simply conservatorship. *See Spurck v. Tex. Dep't of Family & Protective Servs.*, 396 S.W.3d 205, 213–17 (Tex. App.—Austin 2013, no pet.) (stating that "in a termination proceeding, formal concerns about the rules of discovery are less important than providing the jury as much relevant information as possible" and holding that trial court properly admitted testimony from undesignated witnesses). And *In re P.M.B.* was decided under former rules 215(3) and 215(5) and involved a motion for sanctions for failure to answer discovery. 2 S.W.3d 618, 621, 623–25 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

appellant's failure to attempt to establish good cause); *Kernan*, 2001 WL 1136153, at *2 (same). We therefore overrule Maria's first issue.

### IV. EXCLUSION OF EVIDENCE FOR WHICH NO OFFER OF PROOF OR BILL OF EXCEPTION WAS MADE

In her second, third, and fourth issues, Maria argues that the trial court abused its discretion by excluding the social study and by excluding Anthony's testimony related to the social study. Maria contends *on appeal* that this evidence would have provided the trial court with information from police records concerning various criminal incidents involving Anthony and that such evidence "would have negatively affected his chance of getting custody of the child."

To preserve error on the ground that the trial court improperly excluded evidence, a party must inform the trial court of the substance of the evidence by an offer of proof, unless the substance was apparent from the context. *See* Tex. R. Evid. 103(a)(2); Tex. R. App. P. 33.2; *Gipson–Jelks v. Gipson*, 468 S.W.3d 600, 606 (Tex. App.—Houston [14th Dist.] 2015, no. pet.). The failure to make an offer of proof containing a summary of the excluded evidence waives any complaint about the exclusion of the evidence on appeal. *Akin v. Santa Clara Land Co.*, 34 S.W.3d 334, 339 (Tex. App.—San Antonio 2000, pet. denied).

Here, although on appeal Maria provides a cogent summary of the content of the social study and what Anthony's testimony related to the social study would have shown, when the trial court excluded the social study and Anthony's

7

testimony related to the social study, Maria's trial counsel[6] did not make an offer of proof or file a bill of exception.[7] Failure to demonstrate the substance of the excluded evidence results in waiver. *See Sw. Country Enters., Inc.*, 991 S.W.2d at 494. We are therefore constrained to hold that Maria failed to preserve any claim of error from the exclusion of the social study and Anthony's testimony related to the social study. *See* Tex. R. Evid. 103(a)(2); Tex. R. App. P. 33.2; *Gipson–Jelks*, 468 S.W.3d at 606 (holding that appellant did not preserve issue challenging exclusion of evidence related to mental capacity and fraud because she did not make an offer of proof regarding evidence she sought to introduce); *Cantu v. Cantu*, No. 13-13-00448-CV, 2015 WL 1020632, at *2–3 (Tex. App.—Corpus Christi Mar. 5, 2015, no pet.) (mem. op.) (holding that appellant failed to preserve her issues challenging exclusion of the social study and testimony

---

[6]Maria secured new counsel after trial.

[7]Although the social study was filed with the trial court before the trial and was admitted into evidence at the hearing on Maria's motion for new trial, this does not satisfy the offer-of-proof requirement of rule 103(a)(2). *See, e.g.*, Tex. R. Evid. 103(c); *Sw. Country Enters., Inc. v. Lucky Lady Oil Co.*, 991 S.W.2d 490, 494 n. 2 (Tex. App.—Fort Worth 1999, pet. denied) (noting that affidavits from excluded witnesses that were on file with trial court were "not a sufficient offer of proof"); *see also In re J.F.*, No. 02-14-00324-CV, 2015 WL 6556969, at *5 (Tex. App.—Fort Worth Oct. 29, 2015, no pet.) (mem. op.) (holding that trial court did not abuse its discretion by refusing to consider evidence that was not admitted at trial but was first introduced during offer of proof made at hearing on motion for new trial).

related to it because appellant did not make an offer of proof or file a bill of exception). We overrule Maria's second, third, and fourth issues.[8]

## V. CONCLUSION

Having overruled Maria's four issues, we affirm the trial court's judgment.


/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

DELIVERED: January 21, 2016

---

[8]To the extent Maria's fourth issue may be broadly construed as also complaining that the trial court abused its discretion during the hearing on Maria's motion for new trial by excluding evidence of Anthony's criminal charges that predated the couple's 2007 marriage, at trial, Maria questioned Anthony about a 2004 charge for possession of an unlawful weapon and a 2004 charge for possession of marijuana. Because the allegedly improperly excluded evidence was already before the trial court, Maria cannot show harm. *See* Tex. R. App. P. 44.1(a).