**Opinion issued April 24, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-23-00559-CV

_____

**ANH DOAN VO, Appellant**

**V.**

**ALEXANDER NGUYEN, Appellee**

---

**On Appeal from the 280th District Court**
**Harris County, Texas**
**Trial Court Case No. 2023-19406**

---

## MEMORANDUM OPINION

Appellant Anh Doan Vo ("Vo") filed an application for temporary ex parte protective order and final protective order against appellee Alexander Nguyen alleging family violence. The trial court denied Vo's application and awarded $6000 in attorney's fees to Nguyen's attorney. In two issues, Vo contends that the trial

court abused its discretion in awarding attorney's fees because (1) no counter-application or other pleading requesting attorney's fees was filed and (2) Nguyen failed to provide competent evidence to support an award of attorney's fees and, even if he had, the trial court failed to consider Vo's ability to pay. For the reasons below, we modify the protective order and affirm as modified.

## Background

In 2022, Vo and Nguyen were in a dating relationship. They lived together from July 2022 until December 8, 2022. Vo and Nguyen have no children together. Vo and her ex-husband, Hung Pham, have two children.

In March 2023, Vo filed an application for temporary ex parte protective order and final protective order alleging that Nguyen had engaged in conduct that constituted family violence. Vo attached an unsworn declaration to her application in support of her request for a protective order.

Vo's declaration stated that, on December 8, 2022, Nguyen verbally and physically assaulted her at Nguyen's home. She stated that he threatened to share nude photographs and videotaped recordings of them with Vo's family and friends, and that he took one of her car keys and approximately $20,000 in cash that belonged to her. Vo stated that the December 8 incident was not the first time that Nguyen had abused her over the course of their three-year relationship. She stated that his threatening and abusive behavior was part of an ongoing pattern, and she feared for

her safety as well as for the safety of her two children and her ex-husband with whom they lived. Vo requested that the trial court enter a temporary ex parte protective order immediately and, after a hearing, that it enter a final protective order.

The trial court held a hearing on Vo's application on May 2, 2023. Vo testified and numerous photographs and videotaped recordings were admitted into evidence. After both sides rested, the following exchange took place:

The Court: Attorney's fees?

Nguyen's Counsel: Yes, your Honor. I would call myself for attorney's fees.

The Court: Okay.

Nguyen's Counsel: Judge, my name is Michael Nguyen. I've been licensed since 1999. I've worked more hours than what I charged on this case but I told Mr. Alexander Nguyen my total fee would be $6,000. I normally charge at the rate of $350 per hour on these matters.

After this testimony, Vo's counsel testified about his attorney's fees. At the conclusion of the hearing, the trial court stated that the videotaped recordings admitted into evidence contradicted Vo's testimony and declaration. The court orally denied Vo's protective order application and awarded $6000 in attorney's fees to Nguyen's attorney to be paid within sixty days of the date of the order.

On May 3, 2023—the day after the hearing—Nguyen's attorney filed an affidavit in support of his request for attorney's fees and attached his billing statement. The affidavit stated, in part, that "[r]espondent is entitled to recover

3

reasonable attorney's fees requested herein pursuant to written contract." Vo filed written objections to the request for attorney's fees. She argued that no contract existed, the only statute permitting attorney's fees in this type of matter was inapplicable in this case, and the trial court failed to consider Vo's ability to pay attorney's fees.

On May 4, 2023, the trial court entered a written order denying Vo's application for temporary ex parte protective order and final protective order and ordering that Vo pay $6000 in attorney's fees to Nguyen's attorney within sixty days of the order.

On May 5, 2023, the trial court held a hearing on Vo's objections to the award of attorney's fees. The trial court stated that Texas Family Code section 81.005 did not prohibit it from assessing attorney's fees, and it overruled Vo's objections.

Vo filed a request for findings of fact and conclusions of law. The trial court did not render any findings or conclusions, and Vo subsequently filed a notice of past due findings of fact and conclusions of law. No findings or conclusions were entered. This appeal followed.[1]

---

[1] Nguyen did not file an appellate brief.

**Attorney's Fees**

In two issues, Vo contends that the trial court abused its discretion in awarding attorney's fees to Nguyen's attorney because (1) an attorney fee award is permitted only pursuant to a contract or statute and Nguyen did not file a counter-application or other pleading requesting attorney's fees, and (2) Nguyen failed to satisfy his burden to provide competent evidence to support an award of attorney's fees and, even if he had, the trial court failed to consider Vo's ability to pay.[2]

Attorney's fees may not be recovered unless authorized by statute or contemplated in a contract between the parties.[3] *Willacy Cnty. Appraisal Dist. v.*

---

[2]  Vo did not argue at the May 2, 2023 hearing or in her written objections that the evidence was insufficient to support an award of attorney's fees to Nguyen's attorney. Generally, a party must present its complaint to the trial court with sufficient specificity to make the trial court aware of the complaint. *See* TEX. R. APP. P. 33.1(a). And generally, "[c]omplaints regarding alleged error in awarding attorney's fees are subject to this rule." *Gipson-Jelks v. Gipson*, 468 S.W.3d 600, 604 (Tex. App.—Houston [14th Dist.] 2015, no pet.). But, after a bench trial, "a party may raise a complaint regarding the sufficiency of the evidence to support attorney's fees for the first time on appeal." *Mobilelink San Antonio, LLC v. PNK Wireless Comm., Inc.*, No. 01-15-01048-CV, 2016 WL 7368066, at *6 (Tex. App.—Houston [1st Dist.] Dec. 20, 2016, no pet.) (mem. op.) (quoting *Gipson-Jelks*, 468 S.W.3d at 604). "An argument that there was no evidence during a bench trial that attorney's fees were reasonable is a sufficiency-of-the-evidence complaint that may be raised for the first time on appeal." *Gipson-Jelks*, 468 S.W.3d at 604.

[3]  In his affidavit filed in support of Nguyen's request for attorney's fees, Nguyen's attorney stated that "[r]espondent is entitled to recover reasonable attorney's fees requested herein pursuant to written contract." However, there is no contract attached to the affidavit, and the record contains no evidence of a contract between the parties.

*Sebastian Cotton & Grain, Ltd.*, 555 S.W.3d 29, 52 (Tex. 2018); *Marshall v. MarOpCo, Inc.*, 01-22-00573-CV, 2025 WL 626186, at *35 (Tex. App.—Houston [1st Dist.] Feb. 27, 2025, no pet.) (citing *Dall. Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77 (Tex. 1992)); *see also Indian Beach Prop. Owners' Ass'n v. Linden*, 222 S.W.3d 682, 705 (Tex. App.—Houston [1st Dist.] 2007, no pet.). We review the trial court's award of attorney's fees in a protective order proceeding for an abuse of discretion. *Dolgener v. Dolgener*, 651 S.W.3d 242, 262 (Tex. App.—Houston [14th Dist.] 2021, no pet.) (citing *Sylvester v. Nilsson*, No. 14-19-00901-CV, 2021 WL 970924, at *6 (Tex. App.—Houston [14th Dist.] Mar. 16, 2021, no pet.) (mem. op.)). A trial court abuses its discretion when it acts arbitrarily, unreasonably, without regard to guiding principles, or without supporting evidence. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998).

Texas Family Code section 81.005 authorizes an award of "reasonable" attorney's fees. TEX. FAM. CODE ANN. § 81.005(a).[4] The statute is discretionary

---

[4]    Section 81.005 provides:

> (a) The court may assess reasonable attorney's fees against the party found to have committed family violence or a party against whom an agreed protective order is rendered under Section 85.005 as compensation for the services of a private or prosecuting attorney or an attorney employed by the Department of Family and Protective Services.

> (b) In setting the amount of attorney's fees, the court shall consider the income and ability to pay of the person against whom the fee is assessed.

TEX. FAM. CODE ANN. § 81.005.

rather than mandatory. *See Robinson v. Brannon*, 313 S.W.3d 860, 868 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (noting statutes providing that "court may award" attorney's fees grant courts measure of discretion in awarding attorney's fees, but statutes providing that "party may recover," "a party shall be awarded," or "party is entitled to" attorney's fees mandate award of reasonable and necessary fees).

The starting point for calculating an award of attorney's fees is determining the reasonable hours worked multiplied by a reasonable hourly rate, and the fee claimant bears the burden of providing sufficient evidence on both counts. *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 498 (Tex. 2019) (citing *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 760 (Tex. 2012)). "Sufficient evidence includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services." *Rohrmoos Venture*, 578 S.W.3d at 498; *see also Walsh v. Gonzalez*, 01-21-00729-CV, 2023 WL 4110851, at *10 (Tex. App.—Houston [1st Dist.] June 22, 2023, no pet.) (mem. op.) (quoting *Rohrmoos Venture*, 578 S.W.3d at 498).

At the May 2, 2023 protective order hearing, Nguyen's attorney testified in support of his attorney's fees as follows:

7

> Judge, my name is Michael Nguyen. I've been licensed since 1999. I've worked more hours than what I charged on this case but I told Mr. Alexander Nguyen my total fee would be $6,000. I normally charge at the rate of $350 per hour on these matters.

This testimony does not identify the particular services Nguyen performed, when the services were performed, the reasonable amount of time required to perform the services, or the reasonable hourly rate for performing these services. *See Rohrmoos Venture*, 578 S.W.3d at 498; *see also Walsh*, 2023 WL 4110851, at *10. Although Nguyen's attorney filed an affidavit in support of his attorney's fees that was more substantive than his hearing testimony and included a billing statement, the affidavit was not filed until May 3, 2023, the day *after* the trial court assessed attorney's fees against Vo. Applying the factors set forth in *Rohrmoos*, we find the evidence insufficient to support the trial court's award of $6000 in attorney's fees to Nguyen's attorney.

We conclude that the trial court abused its discretion in its award of attorney's fees. *See Rohrmoos Venture*, 578 S.W.3d at 498; *Walsh*, 2023 WL 4110851, at *10; *Dessens v. Argeroplos*, 658 S.W.3d 438, 451 (Tex. App.—Houston [14th Dist.] 2022, no pet.) ("Without details about the work done, how much time was spent on the tasks, and how he justified the flat fee charged in Victoria's case, we conclude that Victoria's attorney's testimony 'lacks the substance required to uphold a fee award' and thus is legally insufficient."). We therefore modify the protective order accordingly. *See Dessens*, 658 S.W.3d at 452.

We sustain Vo's second issue.[5]

## Conclusion

Having sustained Vo's second issue, we modify the trial court's order denying protective order and assessing attorney's fees to delete the portion of the order stating "It is further ORDERED, ADJUDGED and DECREED that Applicant, ANH DOAN VO, shall pay attorney's fees of $6,000.00, to Respondent's attorney, MICHAEL M. NGUYEN, within sixty days of this order." We affirm the order as modified. *See* TEX. R. APP. P. 43.2(b).

Kristin M. Guiney
Justice

Panel consists of Chief Justice Adams and Justices Gunn and Guiney.

Justice Gunn, concurring.

---

[5] In light of our disposition, we do not reach Vo's additional arguments that the trial court abused its discretion in ordering Vo to pay $6000 in attorney's fees because Nguyen did not file a counter-application or other pleading requesting attorney's fees and the trial court failed to consider Vo's ability to pay. *See* TEX. R. APP. P. 47.1 (requiring court of appeals to hand down written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of appeal).

9